## Commonwealth *v.* McNair, Appellant.

370

Argued June 20, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Richard Ash,* with him *Freedman, Borowsky & Lorry,* for appellant.

*Joseph M. Smith,* Assistant District Attorney, with him *Ronald M. McCaskill,* Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., September 15, 1966:

In this prosecution of appellant-defendant on the charge of driving a motor vehicle while under the influence of intoxicating liquor, his counsel requested and was refused the privilege of summation at the conclusion of the evidence. The trial was conducted without a jury before the Honorable JOHN A. BOYLE, who found the defendant guilty. Motions for a new trial and in arrest of judgment having been refused and sentence imposed this appeal followed.

A new trial must be granted. Had this been a jury trial the question would be settled by *Charles Stewart v. The Commonwealth,* 117 Pa. 378, 11 A. 370 (1887),

which held that the denial of the right of summation by counsel was an abridgement of the defendant's constitutional right to full representation by counsel. The finding of a judge in a nonjury criminal case is the equivalent of a jury verdict. In *Commonwealth v. Richman,* 132 Pa. Superior Ct. 529, 532, 1 A. 2d 578, 579 (1938), this Court said, "A defendant surrenders none of his substantive rights when he is tried by a judge without a jury under the Act of 1935, and the trial judge is required to give consideration to, and is bound by, the same legal principles as a jury." The right of summation is an important substantive right. Therefore, we hold that the principle of the *Stewart* case is equally applicable to nonjury trials as the summation stage of a prosecution is critical and to deny completely such right is prejudicial error. See generally *Yopps v. State,* 228 Md. 204, 178 A. 2d 879 (1962) ; 6 A.L.R. 3d 604; 38 A.L.R. 2d 1396. We cannot accept the district attorney's argument that this denial of the right of summation was not prejudicial because of the subsequent opportunity defendant's counsel had to review the evidence under the Act of June 15, 1951, P. L. 585, §1, 19 P.S. §871, in arguing the post-trial motions. We cannot reasonably conclude that an argument made after a decision has been made is always as effective as it might have been if made before such time.

Judgment reversed and new trial awarded.