Opinion by
Spaulding, J.,
Michael McCray, appellant, was convicted of aggravated robbery[1] by the court below sitting without a jury. The sole contention raised on this appeal from that conviction is that appellant’s counsel was deprived of his right to a summation and that, under Commonwealth v. McNair, 208 Pa. Superior Ct. 369, 222 A. 2d 599 (1966), a new trial is required.
In McNair, this court specifically noted that the defendant’s counsel requested and was refused the privilege of summation at the conclusion of the evidence. Supra, at 371. It was further noted that the right of summation is an important substantive right and that the denial “was an abridgment of the defendant’s constitutional right to full representation.” Accordingly, that judgment was reversed and a new trial granted.
In the instant case the record reveals no request for a summation by either appellant or his counsel. At the close of the trial, counsel indicated he was submitting motions for deferment of sentence and a new trial and then stated: “I can’t go any further than I submitted a reasonable doubt.” [sic] Although the trial court said: “You can argue it now” counsel replied, “I have covered it.” In the instant case, there is totally lacking the request for, and denial of, summation that was present in McNair.
It has been frequently stated that a defendant may waive his rights and that, absent unusual circumstances, rights effectively waived cannot be raised for the first time on appeal. “Counsel may not remain *459 silent and take Ms chance of a verdict and then, if it is adverse, complain of matters which conld have been immediately rectified.” Commonwealth v. Haas, 198 Pa. Superior Ct. 227, 232, 181 A. 2d 908 (1962).
We have been referred to no Pennsylvania cases which deal with the waiver of the right to summation. However, there is authority in other jurisdictions that this right may be waived.[2]
In sum, the record in the instant case shows that: No request for summation was made by appellant or his counsel; the trial court offered counsel the opportunity to argue and it was refused; the only question which counsel indicated he could argue was that of reasonable doubt and this had been previously covered. Under these circumstances, we hold the right to summation was fully and effectively waived and may not be raised for the first time on appeal.
Judgment affirmed.

 Appellant was also convicted of assault and battery and aggravated assault and battery on another bill of indictment on which no sentence was imposed or appeal taken.

 E.g., Cole v. State, 14 Ala. App. 71, 71 So. 616 (1916) (jury trial) ; Henry v. State, 10 Okla. Crim. 369, 136 Pac. 982 (1913) (jury trial) ; People v. Berger, 284 Ill. 47, 119 N.E. 976 (1918) (nonjury trial).