**UNITED STATES ex rel. George L. SPEARS H-7506**

v.

**Robert L. JOHNSON, Supt. State Correctional at Graterford, Appellant.**

**No. 71-1766.**

United States Court of Appeals, Third Circuit.

Argued May 2, 1972.

Decided June 23, 1972.

———◆———

James D. Crawford, Deputy Dist. Atty., Philadelphia, Pa., for appellant.

John W. Packel, Defender Association of Philadelphia, Philadelphia, Pa., for appellee.

Before VAN DUSEN, GIBBONS and JAMES ROSEN, Circuit Judges.

1. The district court's opinion is reported at United States ex rel. Spears v. Johnson, 327 F.Supp. 1021 (E.D.Pa.1971).

2. These issues are listed in attachment to paragraph 11 of the petition, which is followed by the Petition for Allowance of Appeal from the Superior to the Supreme Court of Pennsylvania, filed in such Supreme Court after the former court had affirmed per curiam a denial of relief under the Pennsylvania

## OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

The Commonwealth of Pennsylvania appeals from a district court order granting George L. Spears' petition for writ of habeas corpus without hearing.[1] The district court found that the state judge before whom Spears was tried had prevented Spears' counsel from making a summation to the court sitting without a jury and held that this procedure constituted a denial of due process of law without regard to a showing of prejudice to Spears. Other issues raised in Spears' petition were not considered. For the reasons to be stated, we reverse the judgment of the district court and remand this case to the district court for consideration of the other issues raised in Spears' petition.[2]

On April 21, 1964, Spears was brought to trial on Indictment 1549 of February Sessions 1964, Quarter Sessions Court of Philadelphia County, charging aggravated robbery. Spears and another co-defendant (Davis), represented by separate counsel, were tried before a judge sitting without a jury.

Mr. Anthony C. Malone testified for the Commonwealth that on the afternoon of December 23, 1963, three men attempted to rob him while he was working alone at the Italian Working Men's Building and Loan Association, but that he was able to chase them off with his revolver. At several times during his testimony, Mr. Malone explicitly and unequivocally identified Spears as one of these three men. N.T. 11, 12, 13–14, 29. Officer Wright, of the Philadelphia Police Department, testified that on January 25, 1964, Spears gave a written and

Post Conviction Hearing Act, 19 P.S. § 1180–1 et seq., Commonwealth v. Spears, 217 Pa.Super. 785, 269 A.2d 144 (1970). See note 5, infra. We note particularly paragraphs 4, 5 and 8 of this attachment and the possibility that the Commonwealth may agree to a stay of this district court proceeding after remand pending a stipulated application by both counsel for at least resentencing in the state court, if not for a new trial.

signed statement to the police. The statement, read into the record and later admitted into evidence, contained an admission that Spears and two others agreed to rob the Association on the afternoon of December 23, 1963, and related facts, which were consistent with Mr. Malone's testimony. In defense, Spears testified that he was ill in bed the day that the attempted robbery occurred, that this fact could be verified by several witnesses, and that he was coerced into signing the statement read by Officer Wright.

After the presentation of evidence by the prosecution and the defense, Spears and Davis changed their pleas from not guilty to guilty. Before sentence was imposed, however, Spears requested permission to withdraw his guilty plea, which permission was granted by the trial judge. The trial was continued until May 4, 1964, to allow Spears to obtain alibi witnesses, at which time trial was resumed before the same trial judge. The defense had no witnesses other than the defendant Spears, who indicated to the court through his attorney that "he doesn't want to have anything to do with the trial. It's unfair." N.T. 6. The prosecution then called as a witness in rebuttal Davis, Spears' former co-defendant, who had changed his plea from not guilty to guilty. Davis testified essentially that he, Spears and another man (identified by Davis as "Pittsburgh") attempted to rob Anthony C. Malone at the Italian Working Men's Association on December 23, 1963, using inoperative weapons, but that they fled when Malone got his gun out of a drawer and shot at them. See N.T. 7–11. At the close of the cross-examination of Davis by Spears' counsel, the following colloquy took place:

"Mr. Rosenwald [Assistant District Attorney]: That is the Commonwealth's case, your Honor.

"The Court: That is all.

"Mr. Rosenwald: If your Honor, please, I request to move for adjudication with respect to the matter solely with respect to Spears, because Owen Richard Davis already has pleaded guilty.

"Mr. Waynestein [counsel for Spears]: Would your Honor respectfully renew my application for motion of withdrawal of the juror.

"The Court: Motion refused and the Court finds him guilty.

"Mr. Rosenwald: Defer sentence. May we see your Honor in chambers, sir?

"The Court: Must we?

"Mr. Rosenwald: Well, I ask you to impose sentence your Honor, impose it. And, I ask your Honor, to show his Honor, his record.

"Mr. Waynestein: We'll have to request the four days to file motions for a new trial, your Honor.

"Mr. Rosenwald: Will you defer sentence?

"The Court: we will defer sentence." N.T. 15–16.

As stated above, the district court deduced from the foregoing colloquy that the trial judge had denied Spears' counsel the right to address the finder of fact on the issue of guilt or innocence,[3] and held that Spears was therefore denied due process of law, without regard to a showing of prejudice.

3. After setting forth the above-quoted colloquy, the district court declared:
"This court agrees with the state post-conviction hearing Judge who found that the trial court prevented relator's counsel from addressing the finder of fact on the issue of guilt or innocence. Judge Reimel, in an unreported opinion dated February 4, 1970, stated that '* * * the trial court denied petitioner's right of summation.'" 327 F.Supp. at 1022–1023.

The exact language used by Judge Reimel in his February 4, 1970, opinion (Commonwealth v. Spears, Quarter Sessions Court of Phila. County, Feb. Term 1964, No. 1549) was:
"Nor was the right of due process violated when the trial court denied petitioner's right of summation. This right, recognized by the Superior Court subsequent to petitioner's trial in Com. v. McNair, 208 Pa.Super. 369, 222 A.2d 599 (1966), is not retroactive."

We do not believe it necessary in the instant appeal to decide what may be the parameters of the right of an accused to make a summation to the finder of fact, since we conclude that the district court's finding that the trial court denied Spears' right of summation is clearly erroneous and is not fairly supported by the record as a whole. See 28 U.S.C. § 2254(d) (8).[4] As the colloquy quoted above indicates, at no time, either before or after the trial judge found Spears guilty, did counsel for Spears indicate to the trial judge that he desired to make a summation of defendant's case. Indeed, this issue was only first raised in a petition filed under the Pennsylvania Post Conviction Hearing Act in September 1969, almost five-and-one-half years after the May 4, 1964, trial and after a direct appeal and one collateral attack had proved unsuccessful.[5] Furthermore, there were reasons of trial strategy why Spears' counsel might have decided that summation of the evidence would have been unwise under the circumstances. Spears had been positively identified as one of the men who attempted the robbery involved by both the victim and a confessed co-defendant. Also, he had signed a statement introduced into evidence admitting his participation in the robbery and had not produced witnesses to substantiate his alibi defense after a postponement for this purpose. Under these circumstances, Spears' counsel might well have thought that a summation of the evidence by the defense would damage, rather than further, his client's interests, particularly in view of the likely response by the prosecutor. If this was not the deduction of Spears and his counsel, then we believe that it was incumbent upon them under these circumstances to make a timely objection to the trial judge's alleged refusal to permit a closing summation, in which case the defect could have been remedied without substantial prejudice to either Spears or the Commonwealth.

The result which we reach is consistent with the cases cited by the district court, including United States ex rel. Wilcox v. Pennsylvania, 273 F.Supp. 923 (E.D.Pa.1967), and Commonwealth v. McNair, 208 Pa.Super. 369, 222 A.2d 599 (1966), upon which primary reliance was placed. In *Wilcox* the court held that the trial judge in essence refused trial counsel the opportunity to present his closing argument when he interrupted counsel's opening sentence to announce the verdict. See 273 F.Supp. at 924 and n. 1. Similarly, in Commonwealth v. McNair, the trial judge refused the defense attorney's specific request to make a summation at the conclusion of the evidence. See 208 Pa.Super. at 370, 222 A.2d 599. Thus, in both cases, defense counsel definitely and unequivocally indicated his intention or desire to make a closing argument to the trial judge. In the instant case, however, there is no indication that defense counsel intended or desired to present a summation, the circumstances were such that a decision not to present closing arguments may have been sound trial strategy, and no objection was made to the trial judge's alleged preclusion of the right to make such a summation un-

---

4. The principal contention of the respondent (Superintendent Johnson) on this appeal is that there is no support in the state court record for "a conclusion that Spears was denied his right to summation" (page 12 of appellant's brief). We have so determined. It is noted that the respondent admits that there is no such support for this conclusion. See 28 U.S.C. § 2254(d).

The district court couched its decision in terms of its agreement with a finding made by the state post-conviction hearing judge (see note 3, *supra*).

5. See Commonwealth v. Spears, 205 Pa. Super. 731, 208 A.2d 485 (1965) (per curiam affirmance of conviction on direct appeal); United States ex rel. Spears v. Rundle, 405 F.2d 1037 (3d Cir. 1969), aff'g 268 F.Supp. 691 (E.D.Pa. 1967) (first collateral attack); Commonwealth v. Spears, 217 Pa.Super. 785, 269 A.2d 144 (1970) (per curiam affirmance of denial of relief under the Pennsylvania Post Conviction Hearing Act filed subsequent to the first collateral attack). See note 2, *supra*.

til almost five-and-one-half years after it occurred. In these circumstances, we find that the district court's finding that counsel for Spears was denied the right to make a summation to the trial court is clearly erroneous and is not fairly supported by the record as a whole. See 28 U.S.C. § 2254(d) (8). *See* West v. United States, 399 F.2d 467 (5th Cir. 1968), cert. denied, 393 U.S. 1102, 89 S.Ct. 903, 21 L.Ed.2d 795 (1969); Commonwealth v. McCray, 212 Pa.Super. 457, 243 A.2d 453 (1968).

For the foregoing reasons, the judgment of the district court will be reversed and the case remanded for proceedings consistent with this opinion.