## Commonwealth *v.* Gambrell, Appellant.

Argued Januuary 17, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Drew Salaman,* Assistant Defender, with him *Jonathan Miller,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*Linda West Conley,* Assistant District Attorney, with her *James T. Ranney* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

Opinion by Mr. Chief Justice Jones, March 16, 1973:

On May 1, 1962, appellant, Raymond Gambrell, was convicted of second-degree murder following a trial in Philadelphia County before a judge sitting without a jury. After post-trial motions were denied, appellant was sentenced to a term of imprisonment of six to twelve years. An appeal was filed with this Court but discontinued on September 14, 1962. Appellant, on November 10, 1971, filed a petition pursuant to the Post Conviction Hearing Act,* alleging, *inter alia,* denial of effective assistance of counsel and the right of appeal. After evidentiary hearings were held on December 7, 1971, and February 7, 1972, appellant was granted the right to appeal to this Court nunc pro tunc; his petition for post-conviction relief was otherwise denied.

The prosecution arose from the fatal shooting of Reginald O'Neal on December 22, 1961. At approximately 9:30 on that evening two groups of young men met at the corner of 32nd and Diamond Streets in Philadelphia. After some conversation appellant became involved in one of two friendly boxing matches, each including a member of the opposing group. The other boxing match did not remain friendly and bystanders from each group intervened to separate the participants.

According to the Commonwealth's evidence, appellant also intervened. Having taken his coat off to box, appellant asked another boy to hand it to him. When the boy refused appellant grabbed the coat, reached into a pocket and pulled out a gun. Appellant's first shot hit Harold Doman, the opposing group's entry in

---

* Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 *et seq.* (Supp. 1972).

the other match, in the neck. Appellant then whirled around and fired a shot at Charles Young, also a member of the opposing group. Young fell to the ground and the shot hit the deceased, Reginald O'Neal. Charles Elliott, Young's nephew, saw appellant fire at his uncle, picked up a board that was approximately four feet long and hit appellant. Elliott testified that he struck appellant because he thought appellant had killed his uncle and to prevent appellant from shooting anyone else. Appellant shot Elliott twice. Appellant and other defense witnesses testified that Elliott hit him with the board before any shots were fired.

At the close of testimony, defense counsel (appellant was represented by two attorneys), without consulting appellant, waived a closing argument. The trial judge, having determined that the issue was the credibility of the witnesses, concluded that appellant fired his gun before he was struck and found him guilty of second-degree murder.

Appellant contends that he was denied the effective assistance of counsel since his attorney, aware of the conflicting testimony, waived appellant's right of summation.

Initially, we note that this Court long ago recognized that the denial of the right of summation by counsel to a criminal jury was an abridgement of the accused's constitutional right to full representation by counsel. *Stewart v. Commonwealth,* 117 Pa. 378, 11 A. 370 (1887). This principle has been held equally applicable to nonjury trials. *Commonwealth v. McNair,* 208 Pa. Superior Ct. 369, 222 A. 2d 599 (1966). The right to summation, however, may be waived. *Commonwealth v. McCray,* 212 Pa. Superior Ct. 457, 243 A. 2d 453 (1968). Appellant's counsel explicitly waived closing argument.

In order to determine whether appellant was denied the effective assistance of counsel, we must review the record to see whether counsel's waiver of summation had any reasonable basis designed to effectuate their client's interests. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A. 2d 349 (1967). At the post-conviction hearing appellant's trial counsel was unable to remember exactly why summation was waived but one of the attorneys did remember that the case was tried without a jury, that extensive conferences were held with the judge and that since he understood the case very well counsel did not feel summation was necessary. Appellant contends that the judge's remarks following the waiver of summation are evidence of his misunderstanding of the case. This contention is not supported by the record. Moreover, counsel was justified in waiving summation if at that time they believed the judge understood the case. Hindsight, especially hindsight benefited by events subsequent to the decision to waive summation, is not the proper view from which to determine whether counsel's actions were reasonable. *Id.* at 604, 235 A. 2d at 352. Counsel, in waiving the summation, stated: "We don't wish to take the court's time, sitting as the jury, because your Honor has heard the evidence in detail. [We] . . . both realize you are much more experienced, much more capable of judging which witnesses are telling the truth." Thus, it appears that since the judge was confronted with a question of credibility in determining when the shot was fired, appellant's counsel reasonably concluded that a review of the evidence would have been of no benefit and might have harmed their client. The prosecutor would have then reviewed and emphasized the testimony of the three Commonwealth eyewitnesses who stated that appellant began shooting before he was hit

with the board. *See United States ex rel. Spears v. Johnson,* 463 F. 2d 1024, 1026 (3d Cir. 1972). We therefore conclude that counsel's decision to waive summation was a matter of professional judgment and not so unreasonable as to make their assistance ineffective.

We are not persuaded by appellant's argument that he was not bound by counsel's unilateral waiver of summation. The decision to waive summation was a matter of trial strategy. *See United States ex rel. Spears v. Johnson,* 463 F. 2d at 1026; *Commonwealth v. McGrogan,* 449 Pa. 584, 588, 297 A. 2d 456, 459-60 (1972). Absent a showing of incompetency or the presence of exceptional circumstances, counsel's strategic decisions are binding on their client. *Commonwealth v. Snyder,* 427 Pa. 83, 233 A. 2d 530 (1967); *see Henry v. Mississippi,* 379 U.S. 443, 451-52 (1964). There are no exceptional circumstances present in this case. *Compare Whitus v. Balkcom,* 333 F. 2d 496 (5th Cir.), *cert. denied,* 379 U.S. 931 (1964). Counsel's waiver was no less effective because they failed to consult with appellant. *See Henry v. Mississsippi,* 379 U.S. at 451. Counsel need not always consult his client on matters of trial strategy, including a determination that a waiver of summation is appropriate. *See United States ex rel. Hayes v. Johnston,* 330 F. Supp. 1115, 1118 (E.D. Pa. 1971). In seeking the assistance of counsel one confesses his own inadequacy in the law. *Williams v. Beto,* 354 F. 2d 698, 705 (5th Cir. 1965). If counsel had been compelled to consult with and be controlled by the directions of appellant in this case, their usefulness would have been destroyed and appellant would not have been represented by counsel. *See Whitus v. Balkcom,* 333 F. 2d at 503.

Judgment of sentence affirmed.