393 A.2d 806

COMMONWEALTH of Pennsylvania

v.

Allen RAMSEY, a/k/a Allen Thomas, Appellant.

Superior Court of Pennsylvania.

Submitted March 20, 1978.

Decided Oct. 20, 1978.

244

Raymond E. Kumor, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, and Edward G. Rendell, District Attorney, Philadelphia, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

HESTER, Judge:

On June 7, 1976, appellant, Allen Ramsey, a/k/a Allen Thomas, was found guilty in a non-jury trial of five counts of robbery and one count of conspiracy. On this direct appeal, appellant raises various questions of ineffectiveness of his trial counsel. Because we find his contentions without merit, we affirm the judgment of sentence.

The facts may be briefly stated. On March 5, 1976, at 9:10 p. m., three men, two brandishing firearms, entered Cal & Nell's Bar at 15th and Mellon Streets in Philadelphia. Three customers and an employee were ordered to lie on the floor and surrender their valuables, consisting mainly of cash. Another customer entered the bar in the midst of the robbery and suffered the same fate. One of the perpetrators grabbed a TV set from the counter and then all three robbers fled, warning the five victims to "(s)tay on the floor for five minutes." N.T. 63. An employee, Betty Howard, had activated a silent alarm at the inception of the incident. Police Officer Manuel Ruiz, responding to the alarm, arrived at the bar at 9:18 p. m. and was directed by a witness to a 1964 White Ford containing three black males, parked 100 feet from the bar. As Officer Ruiz approached the car, it drove away. A short chase around the block ensued. The Ford stopped, and appellant, sitting in the driver's seat, was arrested. He was placed in a police wagon and transported the short distance back to the bar where he was identified by the complainants as one of the robbers. Three victims also identified appellant at trial, as did one Harris who was sitting across the street during the robbery and saw appellant exit the bar carrying a TV set. The car in which appellant was arrested was found to contain wallets and other articles later identified by the victims as taken from them during the robbery.

The only item contained in appellant's post-trial motion was insufficiency of the evidence. Hence, all other claims are waived. *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974). On this appeal, however, appellant, now

represented by new counsel,[1] contends his trial counsel was so ineffective as to require a new trial, or, in the alternative, a remand for filing of post-trial motions nunc pro tunc. Our courts have developed a two-step analysis in reviewing allegations of ineffective counsel. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977). First, the court must decide whether the claim which counsel is charged with not pursuing, has "arguable merit." If it does not, our inquiry ends there.[2] If the claim does possess such merit, we must then determine whether counsel's action or inaction had any reasonable basis. If the state of the record does not permit resolution of this question we will remand for an evidentiary hearing.[3] *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975). If the court can resolve this second question on the record, we will grant appropriate relief.[4] Against this procedural backdrop, we do well to bear in mind the general principles enunciated by our Supreme Court in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 605, 235 A.2d 349, 352 (1967): "We cannot emphasize strongly

1. Because this is the first stage at which appellant is represented by counsel other than trial counsel, his claim of trial counsel's ineffectiveness is properly before this Court. See *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975); *Com. v. Lee*, 254 Pa.Super. 495, 386 A.2d 59 (1978).

2. See, e. g., *Commonwealth v. White*, 476 Pa. 350, 382 A.2d 1205 (1978) (Claim of counsel's failure to raise double jeopardy issue at trial possessed no arguable merit); *Commonwealth v. Harmes*, 255 Pa.Super. 147, 386 A.2d 551 (1978); *Commonwealth v. Fultz*, 478 Pa. 207, 386 A.2d 513 (1978); *Commonwealth v. Rice*, 456 Pa. 90, 318 A.2d 705 (1974).

3. See, e. g., *Commonwealth v. Connolly*, 478 Pa. 117, 385 A.2d 1342 (1978) (Record inadequate to determine if trial counsel had any reasonable basis for failing to call alibi witness at trial. Remand ordered for evidentiary hearing); *Commonwealth v. Thomas*, 251 Pa.Super. 386, 380 A.2d 833 (1977); *Commonwealth v. Wareham*, 251 Pa.Super. 130, 380 A.2d 412 (1977).

4. See, e. g., *Commonwealth v. Stanton*, 479 Pa. 521, 388 A.2d 1053 (1978) (Counsel failed to object to trial court's erroneous charge on "intent" in burglary prosecution. Court determined, from the record, that counsel's action had no reasonable basis. New trial awarded); *Commonwealth v. Lane*, 476 Pa. 258, 382 A.2d 460 (1978); *Commonwealth v. Morin*, 477 Pa. 80, 383 A.2d 832 (1978).

enough . . . that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests . . . (A) finding of ineffectiveness could never be made unless we concluded that the alternatives not chosen offered a potential for success substantially greater than the tactics actually utilized." (Emphasis in original). With these caveats in mind, we now turn to appellant's allegations.

1. Counsel was ineffective in failing to make appropriate and necessary objections at trial.

A. Failure to object to hearsay testimony.

■ In three instances, counsel did not object to certain hearsay testimony. The first involved the testimony of Officer Murphy, one of the first officers to arrive on the scene:

Q What happened to Mr. Thomas once he was taken out of the automobile?

A He was handcuffed by Officer Rowe. It was at this time a Negro male later identified as Mr. Harris come running up in front of the white 1964 Ford, shouting that these were the men that had robbed the bar. He also was shouting something about a TV set and his wife's purse that was taken in the commission of a hold-up. (N.T. 27)

The second instance concerned the testimony of Sergeant Hentz:

A Well, at 9:18 the police radio broadcast a hold-up, silent alarm, at Cal & Nell's Bar at 15th and Melon Streets. Within a minute policeman Ruiz assigned to 913 car broadcast he was in pursuit of a White Ford going east on Melon and south on Broad. I proceeded over to that area. Policeman Ruiz broadcast that he had the vehicle stopped in the 1400 Block of North Street. I immediately proceeded there.

When I arrived there, Officer Ruiz informed me he had arrested three Negro males for the robbery of the bar at 15th and Melon. I proceeded back to the bar and ascertained from the occupants of the bar that the hold-up had occurred and a shotgun and a pistol had been used. We had not recovered any weapons when I had seen Officer Ruiz. (N.T. 47)

The final instance of hearsay involved the following testimony of one of the victims, Betty Howard:

Q What happened after you saw the police on North Street?

A Then a policeman came into the bar and asked was anybody hurt, was everything all right, and they told us that they had caught all of the people that came into the bar that night. (N.T. 54)

Our examination of the record reveals that each of the out-of-court declarants in the quoted excerpts did eventually testify to the facts asserted above. Hence, even if counsel had objected to the hearsay[5] and had the objections been sustained, the tactics not chosen by defense counsel offered no potential for success greater than the tactics actually utilized. *Maroney, supra.*

B. Failure to file a motion to suppress fruits of the search.[6]

 The car in which appellant was arrested contained a number of items which were admitted at trial against him. Most of these items were seized in the rear seat of the automobile by the officers immediately after the suspects were taken into custody.[7] It is well settled that an automo-

---

5. We assume, without deciding, that the quoted portions do contain objectionable hearsay.

6. The record before us indicates that on June 4, 1976, appellant's case was listed "For motion to suppress and for trial by waiver. Richette, J." No formal motion appears on the record, however, and it appears a suppression hearing was never held.

7. The items seized included a TV set, two men's wallets, a change purse, shotgun ammunition, a jacket, hats, and sunglasses.

bile, because of its mobility, may be searched without the aid of a search warrant if there is probable cause to believe the automobile contains articles entitled to be seized. *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Commonwealth v. Jones*, 233 Pa.Super. 461, 335 A.2d 789 (1975). To justify a warrantless search of an automobile, the officer must have independent probable cause to believe that a felony has been committed by the occupants of the vehicle, or that it has been used in the furtherance of the commission of a felony, or the officer must have a basis for believing that evidence of a crime is concealed within the vehicle or that there are weapons therein which are accessible to the occupants. *Commonwealth v. Lewis*, 442 Pa. 98, 275 A.2d 51 (1971). Instantly, Officer Ruiz, the first officer on the scene, answered the silent alarm and was directed to the 1964 White Ford by one of the witnesses minutes after the robbery occurred. The car was parked only 100 feet from Cal & Nell's Bar. As Ruiz approached the suspects' car with his dome light on, the car drove away and, minutes later, an occupant fled. After apprehending the fleeing individual, Ruiz conducted part of the search now complained of. Taking into account the silent alarm, information supplied by the witness, the close proximity in time and place to the crime, and the flight of both car and an occupant, we think Officer Ruiz possessed sufficient belief that a robbery had been committed by the Ford's occupants and that the car contained fruits of this crime as well as weapons. The additional officers who joined in the search were supplied the requisite information by Ruiz, thus justifying the search they conducted contemporaneously with Ruiz. See *Commonwealth v. Rush*, 459 Pa. 23, 326 A.2d 340 (1974). Since we find a valid, warrantless search, appellant's claim of ineffective counsel is without merit.

 C. Failure to file motion to suppress pre-trial identification.

 Following his arrest, appellant was placed in the back of a police wagon and driven back to the bar where he

was identified by several complainants as one of the robbers. From our review of the record, it appears no more than ten or fifteen minutes elapsed between the robbery and the identification. It is well settled in this Commonwealth that an in-custody-at-the scene identification made shortly after the commission of the crime does not offend due process. *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *Commonwealth v. Turner*, 454 Pa. 520, 314 A.2d 496 (1974). The pivotal inquiry is whether the confrontation conducted was so unnecessarily suggestive and conducive to irreparable mistaken identification that appellant was denied due process of law. *Stovall*, 388 U.S. at 301–2, 87 S.Ct. at 1972, 18 L.Ed.2d at 1206.[8] It is evident that the most important element in pre-incarceration identification is the length of time intervening between the crime and the confrontation. The primary reason for the admissibility of such confrontation is that the close proximity in time and place to the actual offense so enhances the reliability as to outweigh the prejudice. *Commonwealth v. Aaron*, 255 Pa.Super. 289, 386 A.2d 1006 (1978), quoting *Commonwealth v. Mackey*, 447 Pa. 32, 36, 288 A.2d 778, 780 (1972). Since the instant identification occurred so quickly following the robbery and there is otherwise no evidence of unnecessary suggestiveness, a motion to suppress filed by appellant's counsel would have been unpersuasive.

2. Failure to properly and thoroughly cross-examine witnesses.

 Appellant complains his counsel did amazingly little in terms of the cross-examination of Commonwealth witnesses. Our examination of the record shows counsel did cross-examine witnesses (N.T. 23, 36, 41, 45, 57, 66, 69, 84) as well as call a witness on appellant's behalf (N.T. 88). Under trial counsel's cross-examination, witnesses admitted they

---

8. This is a ground of attack independent of a right to counsel claim. At a prompt, on-the-scene identification, the right to counsel has not yet attached. *Commonwealth v. Ray*, 455 Pa. 43, 315 A.2d 634 (1974); *Commonwealth v. Aaron*, 255 Pa.Super. 289, 386 A.2d 1006 (1978).

could not recall appellant's clothing (N.T. 23, 36, 45); that no weapons were found on appellant's person (N.T. 41–2); that the shotgun in appellant's possession could not be adequately described (N.T. 58); and that an inconsistency occurred between preliminary hearing testimony and trial testimony (N.T. 69). Scope and vigor of cross-examination is a matter which falls particularly within the ambit of sound trial strategy to be exercised by trial counsel alone. *Angle v. Laird*, 429 F.2d 892 (10th Cir., 1970), cited with approval in *Commonwealth v. McGrogan*, 449 Pa. 584, 297 A.2d 456 (1972). That attorneys disagree on trial strategy does not mean that the course chosen amounts to incompetence. *Commonwealth v. Curges*, 238 Pa.Super. 251, 357 A.2d 591 (1976). Bearing in mind the nearly overwhelming evidence of appellant's guilt and the fact that appellant elected to be tried non-jury, we cannot say a more probing cross-examination would have afforded him any greater chance of acquittal than the cross-examination pursued by trial counsel.

3. Failure to make a closing argument.

At the close of the evidence, trial counsel indicated he would make no summation. It is true that every defendant has the right to summation, but that right may be waived, and the decision whether or not to waive is a matter of trial strategy. *Commonwealth v. Turner*, 469 Pa. 319, 365 A.2d 847 (1976); *Commonwealth v. Gambrell*, 450 Pa. 290, 301 A.2d 596 (1973). Both *Turner* and *Gambrell* involved non-jury trial situations and uncomplicated factual settings. The Supreme Court concluded in both cases that an experienced trial judge was not to be swayed by arguments as to credibility; that a review of the evidence by defense counsel would have been of no benefit and might have hurt the appellants therein; and that counsel's decision to waive summation was a matter of professional judgment and not so unreasonable as to make his assistance ineffective. *Turner* and *Gambrell* are closely analogous to the instant appeal as appellant elected a non-jury trial and the facts of the case were not complex. We cannot say the decision not to make

a summation was so unreasonable as to deprive appellant of effective assistance of counsel.

### 4. Failure to file post-trial motions.

Appellant's trial counsel apparently did not file written post-verdict motions,[9] but the lower court's opinion nevertheless considered the sufficiency of the evidence. We are urged to find appellant did not make a deliberate, intelligent, voluntary waiver of his right to file post-trial motions. In *Commonwealth v. Miller*, 232 Pa.Super. 171, 335 A.2d 528 (1975), we held that, so long as the trial court complies with Pa.Rule of Crim.Procedure 1123(c), then a deliberate waiver of the right to file post-trial motions is deemed to have been made. That rule provides:

(c) Upon the finding of guilt, the trial judge shall advise the defendant on the record:

(1) of the right to file post-verdict motions and of the right to the assistance of counsel in the filing of such motions and on appeal of any issues raised therein;

(2) of the time within which he must do so as set forth in paragraph (a); and

(3) that only the grounds contained in such motions may be raised on appeal.

Following the verdict, appellant was advised:

MR. JANDRISITZ: Mr. Thomas, you have seven days from today's date in order to file an appeal, in order to file post-trial motions. If you wish to file an appeal or the necessary post-trial motions, you have a right to have counsel appointed. If you cannot afford counsel, the Court will appoint counsel for you.

THE COURT: Only the items raised on your post-trial motions will be considered on appeal. So if any issues are not raised, they are being waived.

9. Just prior to sentencing, counsel indicated such motions had been filed. The lower court, in its opinion, stated it never received such motions or a brief in support thereof.

To make sure there is no mistake, it is seven days in which time the post-trial motions have to be filed. If you can't afford counsel, counsel will be appointed for you free of charge. Do you understand that?

DEFENDANT THOMAS: Yes, I have seven days from today?

THE COURT: Seven days from today.

This is clearly not a case where we must refuse to find a waiver because "(a) waiver of such invaluable appellate rights should not be presumed from a silent record." *Commonwealth v. Babb*, 246 Pa.Super. 471, 475, 371 A.2d 933, 935 (Pa.S., 1977). From his affirmative response, we find appellant was aware of his Rule 1123(c) rights and waived them. See *Commonwealth v. Coleman*, 458 Pa. 324, 327 A.2d 77 (1974).

 Nor are we persuaded that counsel was ineffective in failing to file post-trial motions. Because appellant does not indicate what his trial counsel should have included in the motions, we can only assume he relies on the substantive claims which form the basis of his remaining contentions of ineffective assistance. We have already found these claims to be without merit and "counsel, therefore, obviously was not ineffective in not pursuing what on this record would have been a plainly frivolous issue." *Commonwealth v. Rice*, 456 Pa. 90, 94, 318 A.2d 705, 707 (1974).

Judgment of sentence affirmed.

HOFFMAN, J., did not participate in the consideration or decision of this case.