UNITED STATES of America, Plaintiff-Appellee,

v.

Noel SPEARS, Defendant-Appellant.

No. 81–1607.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 15, 1981.

Decided Jan. 13, 1982.*

Opinion Feb. 23, 1982.

Richard T. Sikes, Chicago, Ill., for defendant-appellant.

Robert B. Breisblatt, Asst. U. S. Atty., Dan K. Webb, U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before SWYGERT, Senior Circuit Judge, BAUER and CUDAHY, Circuit Judges.

CUDAHY, Circuit Judge.

Defendant-appellant Noel Spears was convicted, after a bench trial, of three counts of distributing heroin in violation of 21 U.S.C. § 841(a)(1).

The trial lasted two days, January 21 and 22, 1981. The prosecution presented four witnesses, two undercover agents to whom Spears sold the heroin, and two agents who performed surveillance. Their testimony was that an informant led the undercover agents to Spears, introducing them as drug dealers from Ohio. Spears agreed to sell heroin to them and discussed the possibility of buying cocaine from them. Spears sold heroin to the agents on three occasions; on the third occasion he was arrested.

Spears set up a defense of entrapment. He testified that he had been a heroin addict, and sold heroin to support his habit, until 1978, when he entered a methadone program. Since then, he had not dealt in drugs until 1980, when the informant (his erstwhile supplier of heroin) began to pressure him to re-enter the drug trade. Because he was having financial difficulties, he agreed to sell heroin to the informant's "buyers," who were, in fact, the undercover agents. Spears further testified that at his

* This appeal was originally decided by unreported order on January 13, 1982. See Circuit Rule 35. The Court has subsequently decided to issue the decision as an opinion.

first meeting between the informant and one of the undercover agents, the agent gave Spears a small amount of cocaine; Spears tried it and liked it, and asked to buy a quantity of it from the agents. According to Spears, the agent insisted, as a precondition to Spears' purchase of cocaine, that Spears sell him a quantity of heroin. Spears also testified that he did not know where to obtain heroin, and that it was the informant who procured a source of heroin for him.

The trial judge took the case under advisement at the close of the evidence, and announced his decision three weeks later, on February 12, 1981. The judge did not offer defense counsel an opportunity to make closing argument, and defense counsel did not request such an opportunity, did not object when the court announced the decision without hearing final arguments, and filed no post-trial motions requesting reconsideration in light of closing argument.

Spears argues on this appeal that the trial court's failure to hear closing argument deprived him of a fair trial.

■ The issue presented here was not raised in the court below. Issues not raised at the trial level will not be considered by this court unless the trial court has committed plain error. *United States v. Stavros*, 597 F.2d 108, 111 (7th Cir. 1979); *United States v. Kopel*, 552 F.2d 1265, 1274 (7th Cir.), *cert. denied sub nom. Kopel v. United States*, 434 U.S. 970, 98 S.Ct. 520, 54 L.Ed.2d 459 (1977); *United States v. Jackson*, 542 F.2d 403, 409 (7th Cir. 1976). Thus, the question for this court is whether the absence of closing argument in Spears' bench trial amounted to "plain error," requiring reversal.

In *Herring v. New York*, 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975), the Supreme Court held that it is *per se* reversible error in any criminal trial, whether to a jury or to a judge, for the trial court to deny the defendant the opportunity to present a closing argument. The Court reasoned that the opportunity to make closing argument is an integral part of the sixth amendment right to counsel. The Court stated:

The very premise of our adversary system of criminal justice is that partisan advocacy on both sides of a case will best promote the ultimate objective that the guilty be convicted and the innocent go free. In a criminal trial, which is in the end basically a fact finding process, no aspect of such advocacy could be more important than the opportunity finally to marshal the evidence for each side before submission of the case to judgment.

*Id.* at 862, 95 S.Ct. at 2555. The Court further concluded that the opportunity ·to make closing argument is so fundamental a right that its denial must result in reversal of the conviction without regard to whether the defendant was prejudiced. *Id.* at 864, 95 S.Ct. at 2556.

The government argues that this case is distinguishable from *Herring*. In *Herring*, the criminal defendant requested the opportunity to make a closing argument, but his request was denied; and the narrow holding of *Herring* is that the denial of a request for summation is reversible error. In the present case, the government argues, the trial court did not actively deny closing argument because Spears never affirmatively requested it. The government urges us to conclude that "[i]n this case defense counsel's inaction constituted a waiver of closing argument." Government's Brief at 11.

We find that defense counsel waived the right of summation in this case.

We note, as a preliminary matter, that the right to present a summation may be waived. The Supreme Court in *Herring* endorsed this proposition in quoting with approval the statement of the Maryland Court of Appeals.

The Constitutional right of a defendant to be heard through counsel necessarily includes his right to have his counsel make a proper argument on the evidence and the applicable law in his favor, however simple, clear, unimpeached, and conclusive the evidence may seem, *unless he has waived his right to such argument,* or unless the argument is not within the issues in the case, and the trial court has

no discretion to deny the accused such right.

*Yopps v. State*, 228 Md. 204, 207, 178 A.2d 879, 881 (1962), quoted in *Herring*, 422 U.S. at 860, 95 S.Ct. at 2554 (emphasis added).

■ The *Herring* Court did not indicate what factors would be sufficient to show waiver. The general rule is that, for a court to find waiver, the record must clearly demonstrate "an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938); *see United States v. Anderson*, 514 F.2d 583, 586 (7th Cir. 1975). Waiver of a fundamental right may not lightly be presumed, although some rights are more likely to be foregone as a matter of strategy than others. *Compare, e.g., Anderson, supra*, 514 F.2d at 586 ("A double jeopardy defense is normally not the type of claim that would be foregone for some strategic purpose") *with United States ex rel. Spears v. Johnson*, 463 F.2d 1024, 1026 (3d Cir. 1972) (in a bench trial, where evidence against defendant is strong, counsel may prefer not to present a formal summation).[1] Several federal and state courts have addressed the question of waiver of the right to sum up, with varying results.

Naturally, where the right of summation is raised at the trial level, there is little difficulty in determining whether the right was waived. Thus, in *Commonwealth v. McCray*, 212 Pa.Super. 457, 243 A.2d 453 (1968), at the close of the evidence the defense counsel moved for deferment of sentence and for a new trial, and then stated: "I can't go any further than I submitted a reasonable doubt." The trial judge explicitly informed defense counsel that he could "argue it now," to which counsel replied, "I have covered it." The judge then ruled the defendant guilty. The Pennsylvania Superior Court found that the defendant's attorney's statement constituted a waiver of the right of summation. *Id.*, 243 A.2d at 454.

Conversely, in *United States ex rel. Wilcox v. Pennsylvania*, 273 F.Supp. 923 (E.D. Pa.1967), where the state trial judge interrupted defense counsel's summation to pronounce the defendant guilty, the federal habeas court held that the defendant did not waive, and was unconstitutionally denied, his right to sum up. *Id.* at 924. In *United States v. Walls*, 443 F.2d 1220 (6th Cir. 1971), the trial judge found the defendant guilty without benefit of closing argument. Defense counsel objected to the omission of closing argument. The trial court agreed to reopen the record, but stated that argument was by then futile because his mind was already made up. The Sixth Circuit agreed that at that point argument was futile and held, further, that the "[p]reclusion of closing argument denied appellant the effective assistance of counsel." *Id.* at 1223. The conviction was therefore reversed. And in *Grigsby v. State*, 333 So.2d 891 (Ala.Cr.App.), *cert. denied*, 333 So.2d 894 (Ala.1976), the trial court found defendant guilty at the close of evidence. Defense counsel stated: "Would Your Honor care to hear from me on this case, or have you made up your mind?" The judge repeated his guilty verdict and defense counsel excepted. The appellate court, relying on *Herring*, held that "[t]he trial court's refusal to allow closing argument by appellant's counsel in the instant case is, therefore, a denial of assistance of counsel . . . ." *Id.* at 893. *See also Fuhrman v. Fuhrman*, 254 N.W.2d 97 (N.D. 1977),[2] in which the trial court stated at the close of evidence: "Well, I am going to dispose of argument because I have sat through this case, and I don't think there is any point in your rehashing the evidence . . . ." The North Dakota Supreme Court reversed the trial court's judgment because "[n]o opportunity to argue, or to waive argument, was allowed." *Id.* at 101.

On the other hand, where the issue of summation is not raised at the trial level, courts have split over whether to infer a waiver of the right of summation. In *City*

---

**1.** *See also Covington v. State*, 282 Md. 540, 386 A.2d 336, 338 (1978); *State v. Mann*, 361 A.2d 897, 905 (Me.1976).

**2.** *Fuhrman* was a civil divorce and custody case. The North Dakota Supreme Court held that *Herring* applies to civil as well as criminal cases. *Id.* at 101.

of Columbus v. Woodrick, 48 Ohio App.2d 274, 357 N.E.2d 58 (1976), the court, citing *Herring*, held that because the right to make closing argument is a fundamental constitutional right, it cannot be waived by mere silence. The court accordingly held that although there was no request to sum up, there was, nonetheless, no clear waiver of the right to do so, and the conviction without benefit of closing argument was reversible error. *Id.*, 357 N.E.2d at 60. By contrast, in *State v. Mann*, 361 A.2d 897 (Me.1976), the Maine Supreme Judicial Court held that the failure to raise the issue of summation at the trial level constitutes waiver, "absent a showing of incompetency of counsel or the presence of exceptional circumstances . . . ." *Id.* at 905. By "exceptional circumstances," the *Mann* court apparently meant "prejudice" to the defendant: in affirming the conviction, the court pointed out that the defendant was not prejudiced because he had been permitted to argue for directed verdict at the close of the evidence. This argument was in fact a summation of the evidence, and was functionally equivalent to closing argument. Whether the court's result would have been different in the absence of this factor is not clear.[3]

A different conclusion was drawn in *Covington v. State*, 282 Md. 540, 386 A.2d 336 (1978). There, the defendant's case was tried to a judge on stipulated facts. The trial judge, in agreeing to this procedure, stated: "I will only proceed in this case if the defendant foregoes his right to testify. In other words, he has to agree to the facts and not testify to the contrary. Anything he wants to say in mitigation he can say after and if a guilty finding is made." The prosecution then presented its evidence, the defendant offered nothing in contradiction and made no additions, and the judge ruled him guilty. The defense neither requested closing argument nor objected to its absence. When the defendant raised the issue

on appeal, the Maryland Court of Appeals rebuffed him. The court explicitly declined, however, to find a waiver. Instead, the court ruled: (1) that issues not raised at trial could be considered on appeal only if they presented plain error; (2) that plain error was not demonstrated since the defense never requested closing argument; and (3) defendant's proper avenue for relief was by way of a collateral attack on the conviction, at which the defendant could develop facts necessary to determine whether the failure to request summation was, for example, the result of an agreement with the prosecution, or of a tactical decision, or was for some other reason an intentional waiver of the right. *Id.*, 386 A.2d at 337–38.

■ Although we find a waiver in this case, we need not and do not, in reaching this conclusion, adopt the rule announced in *Mann*, that in the absence of "special circumstances," failure to assert the right of summation at trial will ordinarily constitute a waiver, or the rule in *Covington*, that in the absence of "plain error," a guilty verdict will not be reversed for lack of summation where no summation was requested. It is important to remember that in *Woodrick, Mann*, and *Covington*, the defendant had no clear opportunity either to assert or to waive the right to sum up before the trial judge announced the guilty verdict. In such cases, where the announcement of the verdict comes on the heels of the close of evidence, it seems unrealistic to suggest that the failure to request constitutes a waiver. Certainly, under such circumstances, it could not be said that there was "an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst, supra*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938).

---

**3.** *See also United States ex rel. Spears v. Johnson*, 463 F.2d 1024 (3d Cir. 1972). In that case, the Third Circuit held that the trial court did not "deny" summation because the defendant never requested it. In reaching this conclusion, the court expressly declined "to decide what may be the parameters of the right of an ac-

cused to make a summation to the finder of fact . . . ." *Id.* at 1026. In light of *Herring's* emphasis upon the fundamental nature of the constitutional right of summation, the continued viability of the conclusion in *Johnson* (a pre-*Herring* case), that there is no denial where there is no request, seems questionable.

But we are not presented with such a case. The present case does not involve precipitous action on the part of the trial judge. Spears' contention that the district judge "launched into" his guilty verdict (Defendant-Appellant's Brief at 18) is a considerable overstatement: when the judge adjourned the trial on January 22, he made clear that the next hearing would be for the announcement of his verdict. Defense counsel cannot reasonably have expected to present a summation at a time when he knew the judge would have completed his review of the evidence and reached a decision. Rather, the time to make closing argument was before the final hearing. Spears had three weeks in which to assert his right to make closing argument. He failed to do so, and after the verdict was announced, failed to raise the issue of summation to the trial court in any manner whatsoever. We deem such inaction a tactical choice not to sum up.

### Conclusion

We hold that where, as here, the record clearly demonstrates that the defendant had ample opportunity to request summation before the verdict was announced, but made no such request, and thereafter failed to bring the issue to the trial court's attention, the right of summation is waived. Spears having waived his right to sum up, his appeal must fail. The conviction is affirmed.