**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 92-8011

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BLANCA ESTELLA MARTINEZ,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Texa

(September 25, 1992)

Before POLITZ, Chief Judge, SMITH and BARKSDALE, Circuit Judges.

POLITZ, Chief Judge:

Blanca Estella Martinez appeals her conviction for possession with intent to distribute and importation of marihuana, contending that the failure of the trial court to hear closing arguments violated her sixth amendment right to effective counsel. Concluding that the defense waived the right of summation, we affirm.

Background

Martinez took her auto to a Del Rio, Texas service station for repairs and was given a Pontiac Grand Prix sedan as a "loaner." She promptly drove into Mexico and within an hour and a half sought to reenter the United States. An agent of the Customs Service who knew Martinez became suspicious because of her demeanor and asked for the keys to the trunk. The odor of marihuana was apparent and upon opening the trunk the agent found two bags containing over 54 pounds of the contraband.

Martinez was indicted on four counts, conspiracy to possess with intent to distribute marihuana, conspiracy to import marihuana, and the two substantive counts of importation and possession with intent to distribute. Martinez waived a jury trial, opting for a bench trial. At close of the evidence the court took a brief recess. Upon returning to the courtroom the trial judge informed counsel that he was prepared to rule and that he did not consider arguments necessary. Defense counsel neither requested an opportunity to present closing argument nor objected to the court's suggestion.

The court proceeded to make findings of fact and rendered its decision, finding Martinez not guilty of the two conspiracy counts but guilty of the two substantive counts. The defense made no post-trial motions; Martinez timely appealed.

## Analysis

At the threshold we recognize that the sixth amendment secures

for a criminal defendant the right to present closing argument.[1] This right, like other constitutional rights, may be waived. A defendant may not remain mute during a trial and later complain of errors which might have been corrected by the trial court.[2] Absent timely objection, only plain error will warrant reversal on appeal.[3] We have defined plain error as "error which, when examined in the context of the entire case, is so obvious and substantial that failure to notice and correct it would affect the fairness, integrity or public reputation of judicial proceedings."[4]

In **Herring v. New York**[5] the Supreme Court found that the denial of the defendant's right to present a closing argument, in a trial before a judge or jury, constituted reversible error without proof of prejudice. In **Herring** the defendant requested the

---

[1]    **Herring v. New York**, 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975). Federal Rule of Criminal Procedure 29.1, governing closing arguments, states that "[a]fter the closing of the evidence prosecution shall open the argument. The defense <u>shall</u> be permitted to reply in rebuttal." (Emphasis added.)

[2]    <u>See</u> Fed.R.Crim.P. 52(b).

[3]    Fed.R.Evid. 103(a)(1); <u>See</u>, <u>e.g.</u>, **United States v. Spears**, 671 F.2d 991 (7th Cir. 1982) (applying the plain-error rule to the failure to raise the right to present closing arguments).

[4]    **United States v. Breque**, 964 F.2d 381, 388 (5th Cir. June 15, 1992) (quoting **United States v. Lopez**, 923 F.2d 47, 50 (5th Cir.), <u>cert</u>. <u>denied</u>, 111 S.Ct. 2032 (1991)); <u>see also</u> **United States v. Yaman**, 868 F.2d 130, 132 (5th Cir. 1988), <u>cert</u>. <u>denied</u>, 492 U.S. 924 (1989).

[5]    422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975).

opportunity to present a closing argument. The trial court refused that request. This scenario sufficed for a reversal of the conviction. The Court made clear, however, that the right to present closing arguments may be waived.

> The Constitutional right of a defendant to be heard through counsel necessarily includes his right to have his counsel make a proper argument on the evidence and the applicable law in his favor, however simple, clear, unimpeached and conclusive the evidence may seem, <u>unless he has waived his right to such argument</u>, or unless the argument is not within the issues in the case, and the trial court has no discretion to deny the accused such right.[6]

Given the fundamental nature of the right to present a closing argument, it is manifest that the failure to allow a closing argument constitutes plain error in the absence of a waiver. We observe that courts have encountered difficulty, however, devising a precise standard for identifying waivers of the right to present closing arguments.[7] The issue is *res nova* for this court.

As a general proposition, before a waiver of the right to present closing argument will be found the record must clearly demonstrate its "intentional relinquishment or abandonment."[8] The decision respecting closing argument, like many other trial

---

[6] **Id.** at 860, 95 S.Ct. at 2554, 45 L.Ed.2d at 599 (quoting **Yopps v. State**, 178 A.2d 879, 881 (Md. 1962)) (emphasis added).

[7] An affirmative waiver on the record is not required. <u>See</u> **People v. Dougherty**, 162 Cal.Rptr. 277, 282 (Cal.App. 1980).

[8] **Johnson v. Zerbst**, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466 (1938).

decisions, is a matter of trial strategy.[9]  The strategic choice may be even more acute in a bench trial as counsel assesses the judge's reaction to the evidence.  Counsel's opting to forego argument in a bench trial and to refrain from objecting to the court's suggestion that arguments were not necessary appears to fit quite comfortably within the general parameters of strategic trial choices.

What does it take to demonstrate an intentional relinquishment or abandonment?  As we have noted, courts have struggled with this question.  Some courts, including our colleagues in the Seventh Circuit, would decline to find a waiver when the decision comes immediately upon the close of the evidence.[10]  Similarly, the Fourth Circuit refused to deem counsel's failure to present a closing argument a waiver where the court indicated that further argument would have been futile but nonetheless offered counsel the opportunity to argue.[11]  Other courts have inferred a waiver from

---

[9]  See **United States ex rel. Spears v. Johnson**, 463 F.2d 1024, 1026 (3d Cir. 1972) (discussing waiver of the right to present a closing argument); **Commonwealth v. Gambrell**, 301 A.2d 596, 597-98 (Pa. 1973) ("counsel's decision to waive summation was a matter of professional judgment").

[10]  **United States v. Spears**, 671 F.2d 991 (7th Cir. 1982); **Dougherty**, 162 Cal.Rptr. at 278-79 & n.3; **Commonwealth v. Miranda**, 490 N.E.2d 1195 (Mass.App.Ct. 1986); **State v. Gilman**, 489 A.2d 1100 (Me. 1985).

[11]  **United States v. King**, 650 F.2d 534 (4th Cir. 1981).  See also **United States v. Walls**, 443 F.2d 1220 (6th Cir. 1971).

counsel's silence where there was an opportunity to object.[12]

A review of various decisions leads us to the conclusion that the critical factor in deciding whether the silence of counsel constitutes a waiver is whether there was a meaningful opportunity for counsel to request argument or to object, considering all the attendant circumstances.[13] When the court announces that it will not hear oral argument a waiver can only be inferred from counsel's silence if, after the close of the evidence, counsel has had time to contemplate making the argument, has an opportunity to object and does not, and makes no post-trial effort to assert the right at a time when the error might be cured. While we therefore share the view that a waiver will not be implied where there is no meaningful opportunity to object to a lack of closing argument, we do not find that to be the factual situation in the case at bar. The court *a quo* did not announce its ruling immediately after the close of the evidence; it called for a recess at that point. During the recess, counsel had an opportunity to gather his thoughts and, at the very least, determine his course on closing argument. In response to

---

[12]     **Spears**, 671 F.2d at 995; **Lee v. State**, 369 N.E.2d 1083 (Ind.App. 1977) (Staton, P.J., concurring); **Covington v. State**, 386 A.2d 336 (Md. 1978); **State v. Hale**, 472 S.W.2d 365 (Mo. 1971); **State v. Rojewski**, 272 N.W.2d 920 (Neb. 1979).


[13]     Essentially the same standard has developed with respect to the ability of the court to cure the error when an objection is made. Compare **Commonwealth v. Cooper**, 323 A.2d 255 (Pa.Super. 1974) (finding no error where counsel was allowed to argue after objecting and court remained objective) with **M.E.F. v. State**, 595 So.2d 86 (Fla.D.Ct.App. 1992) (finding error not cured by court's receipt of argument in writing after the court reached its verdict).

the judge's "argument not needed" announcement upon returning to the bench at the conclusion of the recess, the defendant could not stand silent and "take her chances" yet simultaneously preserve all rights for appeal as if she had timely objected and given the trial court a reasonable opportunity to address any real or imagined error. It would have been preferable if the court had called upon both counsel to state for the record any objections to the court proceeding to judgment without closing argument, or to formally waive same on the record, and in the future we trust we shall universally find that practice, but in the instant case, under the facts as presented, we are persuaded that a waiver occurred. We conclude that counsel's silence was the result of a conscious decision based on what counsel perceived to be the best course of action for his client in this bench trial. We therefore hold that there was an intentional relinquishment of the sixth amendment right to summation.

The convictions are AFFIRMED.