J-S20003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
v. :
:
:
CHIQUITA BYRD, : No. 1357 MDA 2017

Appeal from the Order entered August 4, 2017,
in the Court of Common Pleas of Centre County,
Criminal Division at No(s): CP-14-CR-0000948-2016.

BEFORE: GANTMAN, P.J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED MAY 31, 2018**

The Commonwealth files this interlocutory appeal,[1] after the trial court granted Chiquita Byrd's post-sentence motion to vacate her judgment of sentence and awarded her a new trial. We affirm.

The underlying facts are irrelevant, because the issues before us are procedural. The Commonwealth charged Ms. Byrd with drug-possession-and-delivery crimes, because she smuggled contraband into a correctional institution to her son, one of the prison's inmates.

There was bench trial. After Ms. Byrd's case-in-chief, the judge asked the district attorney if there was any rebuttal. She replied "No rebuttal, Your

---

[1] Pennsylvania Rule of Appellate Procedure 311(a)(6) grants an interlocutory appeals as of right, when, as here, the trial court awards a defendant a new trial on post-sentence motions and the Commonwealth claims an error as a matter of law.

Honor." N.T., 2/28/17, at 84. The trial judge, skipping closing arguments, immediately pronounced Ms. Byrd "guilty" as to four counts and "not guilty" as to a fifth. *Id.* at 85. No one objected to this procedural shortcut. *Id.*

Three months later, the court sentenced Ms. Byrd. She filed a post-sentence motion requesting a new trial. The trial court granted her motion on the grounds that it had "deprived" her "of her right to summation, which is protected by the Constitution of the Commonwealth of Pennsylvania as part of the right to be heard." Trial Court Opinion, 8/4/17, at 3. In other words, the trial judge forgot to invite closing arguments before handing down his verdicts. Importantly, the trial judge noted that the Commonwealth made "no assertion that [Ms. Byrd had] waived her right to summation or manifested any intent to waive that right." *Id.* at 2.

This appeal followed. The Commonwealth raised one issue:

> Whether the trial court committed an error of law when it granted [Ms. Byrd] a new trial on the basis of being precluded from presenting a closing argument when [she] failed to object and preserve the issue at trial?

Commonwealth's Brief at 4. It claims that the trial judge erred by reaching the merits of Ms. Byrd's post-sentence motion, because her lack of objection during trial constituted waiver of this issue.

To determine whether a party has waived an issue we interpret and apply the Pennsylvania Rules of Appellate Procedure. Interpreting procedural rules presents a question of law, so our standard of review is *de novo* and our

scope of review is plenary. *See Commonwealth v. Dowling*, 959 A.2d 910, 913 (Pa. 2008).

"It has been frequently stated that a defendant may waive his rights and that, absent unusual circumstances, rights effectively waived cannot be raised for the first time on appeal." *Commonwealth v. McCray*, 243 A.2d 453, 454 (Pa. Super. 1968). What's good for goose is good for the gander. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pennsylvania Rule of Appellate Procedure 302(a). Rule 302(a) applies to all appellants – including the Commonwealth.

As the trial judge pointed out, the Commonwealth never argued to him – in the first instance – that Ms. Byrd had failed to preserve the question of whether her right to make a closing argument had been violated. Thus, the Commonwealth is "precluded from presenting" us the question of Ms. Byrd's waiver, because it "failed to object and preserve the issue" at the post-trial hearing. Commonwealth's Brief at 4.

Because the Commonwealth has waived its only appellate issue, we are unable to grant it relief.

Order affirmed.

President Judge Gantman joins in this Memorandum.

Judge Ott concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>05/31/18</u>