410 A.2d 863

**COMMONWEALTH of Pennsylvania**

v.

**Joseph RAMIREZ, Appellant.**

Superior Court of Pennsylvania.

Argued July 17, 1979.

Filed Sept. 21, 1979.

602

Michael L. Levy, Philadelphia, for appellant.

Stephen S. Seeling, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before MONTGOMERY, O'BRIEN and HONEYMAN, JJ.*

O'BRIEN, Judge:

Appellant, Joseph Ramirez, was tried by a jury and convicted of murder of the first degree and weapons offenses. Post-verdict motions were denied and appellant was sentenced to life imprisonment for the murder conviction with a concurrent two and one-half to five year sentence for the weapons violation. This direct appeal followed.

Appellant first argues that the Commonwealth failed to meet its burden in disproving self-defense beyond a reasonable doubt. The facts are as follows.

Appellant and the victim, Raleigh Rucker, were both dating the same woman, one Serita Willmore. Appellant was entering Ms. Willmore's apartment building when he was accosted by the victim. Because portions of appellant's

---

* Justice HENRY X. O'BRIEN of the Supreme Court of Pennsylvania, and Judge ROBERT W. HONEYMAN of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

skull were missing as a result of a shooting unrelated to this incident, he had been informed that a blow to his head could easily result in his death. Appellant, who had been informed that the victim was usually armed, pulled his own gun in an attempt to persuade the victim to let him alone. When the victim backed off, appellant put the gun back in his pocket. The victim then grabbed a club. Being fearful of a blow to the head, appellant drew his gun and shot and killed the victim.

In *Commonwealth v. Eberle*, 474 Pa. 548, 559, 379 A.2d 90, 93 (1977), the court stated:

"The prosecution therefore must establish beyond a reasonable doubt that the defendant was not acting in self-defense. To meet this burden, the evidence must establish at least one of the following beyond a reasonable doubt:

"(1) that the defendant did not reasonably believe he was in danger of death or serious bodily injury,

"(2) that the defendant provoked the use of force, or,

"(3) that the defendant had a duty to retreat, and that retreat was possible with complete safety.

"Establishment beyond a reasonable doubt of any one of these three elements will insulate the conviction from a defense challenge to the sufficiency of the evidence in a case where self-protection is at issue."

In the instant case, the Commonwealth was able to prove that appellant was not "free from fault in provoking . . . the difficulty which resulted in the killing." *Commonwealth v. Nau*, 473 Pa. 1, 6, 373 A.2d 449, 451 (1977). Such proof came from appellant's own statement that he originally pulled his pistol in an attempt to persuade the victim to let him alone. Appellant's argument is thus without merit.

Appellant next argues that he was denied effective assistance of counsel when his trial attorney failed to include an issue concerning the court's cross-examination of appellant in written post-verdict motions. During the trial, the fol-

lowing exchange occurred between the trial court and appellant:

"BY THE COURT:

"Q. Mr. Ramirez, when you arrived at the scene you said that you heard a footstep behind you, you turned around and you found it was Mr. Rucker—

"A. Yes.

"Q.—Is that right? Now at that time he was behind you, is that correct?

"A. Not actually behind me in the sense of behind my back.

"Q. Before you saw him he was somewhere you didn't see him, is that correct, before you became aware he was there?

"A. Yes.

"Q. He didn't shoot you, did he?

"A. No.

"Q. He didn't hit you with anything?

"A. At that time, no.

"Q. So then you had a minor conversation with him. He said, 'Come here. I want to show you the picture'?

"A. It wasn't a minor conversation.

"Q. He said, 'I want to show you the picture'?

"A. No, he didn't say it like that.

"Q. But those are the words he said?

"A. No, sir. You trying to change it around.

"MR. TABAS: Your Honor, I want to—

"BY THE COURT:

"Q. You tell me where I changed the words.

"MR. TABAS: If your Honor please, I would like to enter an objection in the record. I think my client is trying to explain it wasn't just an ordinary conversation, and Your Honor keeps interrupting him and won't let him explain his answer.

"BY THE COURT: *I'm asking him to explain. I'm begging him.*

"MR. TABAS: And he's been trying to, Your Honor.

"BY THE COURT:

"Q. What other words did he say that I didn't say or were different?

"A. He said, 'Come here, you God damn Puerto Rican. I got a picture I want to show you. Come here.' That's what he said.

"Q. All right. But from that time on you could not turn and walk somewhere else, get away from there, from a man that a few minutes before could have hit, or shot, or done anything to you? Those words changed that whole atmosphere so you could not walk away, or run away, or go in to next door, or go any other place, is that what you're saying?

"A. Sir, the way his tone of voice, it wasn't a pleasant attitude.

"Q. And what prevented you from running away from there, getting away from there?

"A. The spit of him and saliva dripping down his mouth and the way he was acting, you God damn right.

"Q. That's your whole explanation?

"A. Excuse me.

"Q. You've had a chance to give me a full explanation why you didn't run away?

"A. Because I—if I would have turned my back, suppose he—he—he would have bust me in the head or shot me and I would have been dead and he would have been up here.

"Q. *You said that before. Is that your whole explanation why you didn't leave —*

"A. Because I don't know I had a chance to." (Emphasis added.)

While trial counsel objected to the cross-examination at trial, he did not include the issue in written post-verdict motions. Following denial of post-verdict motions, trial counsel was discharged and present appellate counsel was

retained.   Present counsel thus challenges trial counsel's effectiveness as required by *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).

In *Commonwealth v. Ramsey*, 259 Pa.Super. 240, 246, 393 A.2d 806, 809–10 (1978), this court stated:

"  .  .  .  Our courts have developed a two-step analysis in reviewing allegations of ineffective counsel.   *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977). First, the court must decide whether the claim which counsel is charged with not pursuing, has 'arguable merit.' If it does not, our inquiry ends there.   If the claim does possess such merit, we must then determine whether counsel's action or inaction had any reasonable basis.   If the state of the record does not permit resolution of this question we will remand for an evidentiary hearing. *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975).   If the court can resolve this second question on the record, we will grant appropriate relief." (Footnotes omitted.)

We must thus review the merits of appellant's claim which is the basis of his allegation of ineffective assistance of counsel.

In *Commonwealth v. Goosby*, 450 Pa. 609, 611, 301 A.2d 673, 674 (1973), the court stated:

" ' "Every unwise or irrelevant remark made in the course of a trial by a judge  .  .  .  does not compel the granting of a new trial.   *A new trial is required when the remark is prejudicial; that is, when it is of such a nature or substance or delivered in such a manner that it may reasonably be said to have deprived the defendant of a fair and impartial trial.*" ' "   (Emphasis added in *Goosby*.)

Instantly, the court's comments indicate the court's belief that appellant's explanation surrounding his self-defense claim was insufficient in light of the applicable law concerning the duty to retreat.

In the charge to the jury, when explaining self-defense, the court stated:

"Also, you may find the defendant guilty if you're satisfied beyond a reasonable doubt that the defendant knew he could avoid the necessity of using deadly force with complete safety by retreating from the place and the position or from whatever Raleigh Rucker was doing to him. If he had that opportunity to retreat, he should have retreated and the defense of justification is not present."

We believe the emphasized portions of the colloquy between the trial court and appellant are sufficiently prejudicial to warrant the grant of a new trial. While the court allegedly left the question concerning appellant's duty to retreat to the jury, his comments could not help but indicate to the jury that he believed appellant's explanation was insufficient. As the court long ago stated in *Commonwealth v. Myma*, 278 Pa. 505, 508, 123 A. 486, 487 (1924):

"An expression of . . . condemnation is quickly reflected in the jury box . . . .. It has the tendency to take from one of the parties the right to a fair and impartial trial."

Since the trial court clearly indicated to the jury his belief as to the sufficiency of appellant's self-defense claim, appellant should be entitled to a new trial. *Commonwealth v. Williams*, 468 Pa. 453, 364 A.2d 281 (1976). Furthermore, on this record, we can perceive no reasonable basis for failing to pursue this meritorious claim by including it in post-verdict motions. Since counsel failed to pursue this claim, appellant was denied effective assistance of counsel and is thus entitled to a new trial.

Judgments of sentence reversed and case remanded for a new trial.