STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
DANIEL C. KREMENS, DEFENDANT-APPELLANT.

Argued November 10, 1970—Decided January 12, 1971.

*Mr. Daniel R. Coburn,* Assistant Deputy Public Defender, argued the cause for appellant (*Mr. Stanley C. Van Ness,* Public Defender of New Jersey, attorney).

*Mr. Alfred M. Bitting,* Assistant Prosecutor, argued the cause for respondent (*Mr. Martin J. Queenan,* Prosecutor of Burlington County, attorney).

The opinion of the Court was delivered by

HANEMAN, J.   Defendant was tried and convicted of first degree murder for the fatal shooting of State Trooper Anthony Lukis; the jury declined to recommend life imprisonment. Defendant appealed directly to this Court pursuant to *R. R.* 2:2–1(c), but his conviction was affirmed. *State v. Kremens,* 52 *N. J.* 303 (1968). However, this Court stated at *p.* 311:

As was noted, the defendant did not take the stand nor was any other evidence adduced in his behalf either on the *voir dire* or the main case. In his *pro se* brief, defendant alleges difficulties with counsel and the refusal of counsel to allow him to take the stand to testify as to the circumstances under which the confessions were given. Defendant now alleges brutality and although this was denied by the testifying officers we deem it wise to remand to the trial court for the purpose of taking testimony and determining why defendant

did not testify and whether the failure to testify was with his consent. The court on such remand shall also take testimony of the defendant as to what he would have testified had he been placed on the stand and return that record to us without factual findings. Defendant also objects to the failure of his counsel to utilize a witness who would have allegedly contradicted other testimony as to the purchase of the murder weapon. While the crime charged was the use of the gun, not its purchase, if defendant did not buy the gun as he indicated in his confession, the contradiction might have cast doubt on the truthfulness of the confession. Testimony may be taken on that contention of defendant as well and returned to this Court. Jurisdiction will be retained in this matter to allow prompt disposition. Upon the return of the remand defendant may if he desires discuss before this Court the problems raised by the Supreme Court decisions in *United States v. Jackson*, 390 *U. S.* 570, 88 *S. Ct.* 1209, 20 *L. Ed.* 2d 138 (1968) and *Witherspoon v. State of Illinois*, 391 *U. S.* 510, 88 *S. Ct.* 1770, 20 *L. Ed.* 2d 776 (1968).

The matter is returned to this Court after testimony pursuant to the remand.

We had intended that the trial court make specific findings of fact on the question of why the defendant did not testify on his trial and whether he waived his right to so testify, as distinguished from making findings of fact with respect to the testimony he would have given on the *voir dire*. The trial court apparently misunderstood our intention and made no factual findings. However, in the light of the complete testimony adduced on the remand, we have no hesitancy in making such a finding on the record of that testimony. In assaying defendant's arguments it should be remembered that he was represented by experienced and able counsel.

Defendant's counsel testified that there were numerous reasons for the failure to call defendant to the stand on the *voir dire* concerning the voluntariness of his confession, all of which were discussed with defendant. Among these was the fact that defendant's recital of the facts surrounding the confession was almost identical with the version of the State Police. The sole discrepancy, according to the trial counsel, concerned defendant's complaints of being mistreated by the police, and these allegations were not of such

a nature as to affect the admissibility of the confession. Defendant's testimony, if honestly given, would therefore be cumulative, supporting the State's position that the confession was voluntary. Defendant now recites a different version of the facts surrounding the confession in substantiation of alleged police brutality. We are satisfied that his present statement is a fictitious concoction, and that had he told the truth, he would not have contradicted the State's proof in any important particular. Although defense counsel recalled a number of discussions concerning the attendant possible advantages and disadvantages of defendant's testifying at the *voir dire,* he could not recall specifically whether defendant had verbally approved the suggestion that he not take the stand. There can be no doubt, however, that defendant was advised of his right to take the stand and that he made no objection to counsel's failure to call him to testify at the end of the State's proof on the *voir dire.* He at least acquiesced in that decision by his silence. Consequently, we find no merit in defendant's present objection to the failure of his counsel to place him on the stand on the *voir dire* of the confession.

It is not clear whether defendant now states that he wanted to take the stand in the main case on the question of guilt. On the other hand, it is clear that he makes no point of his faliure to take the stand on the question of punishment. In connection with guilt, defendant's counsel testified that defendant could not truthfully contradict the State's proof. Defendant does not deny counsel's statement. In any event, we are satisfied from both defendant's testimony and the testimony of trial counsel that there was a full discussion on a number of instances of the question of whether defendant should take the stand in his own behalf in the main case. As a result, the refusal to take the stand resulted from a complete canvass of the possible positive and negative effects attendant upon his subjecting himself to the hazards of examination and cross-examination, including the effect on the jury of his lengthy criminal

record. We conclude that defendant's failure to take the stand resulted from a knowledgeable waiver of that right.

■ Defendant has argued that under *Witherspoon v. State of Illinois,* 391 *U. S.* 510, 88 *S. Ct.* 1770, 20 *L. Ed.* 2d 776 (1968), he was denied the opportunity to be tried by a jury composed of a representative cross section of the community with respect to the issue of capital punishment. We have examined the record of the *voir dire* and find no merit in defendant's argument.

■ On the remand, defendant withdrew his request that a female witness to the purchase of the murder weapon be called. We are therefore left with no substantiation of his allegation that her testimony would have contradicted the testimony adduced by the State at the original trial concerning the purchase of the weapon. Accordingly, since there is no support for his original objection to the failure of counsel to call this witness, we consider the issue abandoned.

■ Defendant also argues that the judgment of conviction and consequent sentence of death are unconstitutional. This argument was disposed of by this Court in *State v. Forcella,* 52 *N. J.* 263 (1968). We adhere to the decision in *Forcella* and for the reasons therein stated we find no merit in defendant's argument. However, although the judgment of the County Court is herewith affirmed, in the light of the pendency of that issue before the United States Supreme Court in several cases from this and other jurisdictions, entry of such judgment in this Court is directed to be withheld until our further order. See *State v. Artis,* 57 *N. J.* 24 (1970); *State v. Wilson,* 57 *N. J.* 39 (1970); *State v. Sinclair,* 57 *N. J.* 56 (1970).

Affirmed.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANE-MAN—7.