194 N.J. Super. 560 (1983)
477 A.2d 429
STATE OF NEW JERSEY, PLAINTIFF,
v.
ANTHONY ROCCO VIGILANTE, DEFENDANT.
Superior Court of New Jersey, Law Division Morris County.
Decided January 18, 1983.
*561 Thomas E. Durkin, Jr., for defendant Vigilante.
Jeffrey M. Advokat, Assistant Prosecutor, for the State (Lee S. Trumbull, Prosecutor, Morris County).
MacKENZIE, J.S.C.
Defendant was tried for robbery N.J.S.A. 2C:15-1(a)(2). Following the close of all the evidence, defense counsel announced that he would not be making a closing argument to the jury. The assistant prosecutor indicated that he intended to sum up. A hearing was then conducted out of the presence of the jury to determine whether the defendant knew of, understood and *562 consented to the trial strategy proposed by his attorney. This opinion is written to expand upon the reasons given at trial for allowing defense counsel to remain mute even though the jury was allowed to hear closing argument for the State.
All who are acquainted with litigation recognize that summation is a most important aspect of the trial process. During closing argument, an attorney is placed in the role of an advocate in the truest sense of the word. The purpose of closing argument is to draw together all the facts at the end of the trial and to present the theories of the litigants to prepare the jury[1] to make a proper decision. Summation in criminal cases serves to sharpen and clarify the issues for resolution by the jury and, as such, constitute a basic element of the adversary factfinding process. Herring v. New York, 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975). In the interest of promoting advocacy, courts have given counsel wide latitude in the presentation of their arguments.
The right of the criminal defendant to have his attorney argue the factual issues of the case to the jury is recognized by the New Jersey Court Rules. Rule 1:7-1(b) provides:
(b) Closing Statement. After the close of the evidence ..., the parties may make closing statements in the reverse order of opening statements.
The right to final argument by counsel has its Constitutional underpinnings in the Sixth Amendment[2] to the Constitution. This right is so important a right that it should never be denied. *563 Herring v. New York, 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 supra; Aladdin Oil Burner Corp. v. Morton, 117 N.J.L. 260 (E. & A. 1936).
Research has disclosed no New Jersey authority which either condones or permits a criminal defendant to waive summation. The New Jersey Court Rules do not provide a definitive answer. Rule 1:7-1(b) merely instructs that the parties may make closing statements in the reverse order of opening statements." The use of the word "may" suggests that summations are merely permissible, but not mandatory. The rule certainly does not use the mandatory word "shall". Compare R. 1:7-1(a) which requires the State to make an opening statement. The same principles of statutory construction apply to rule construction. Cf. Diodato v. Camden Cty. Park Comm'n, 136 N.J. Super. 324, 327 (App.Div. 1975). However, the context of the rule does not clearly point to such a construction. Rather, it can be argued that R. 1:7-1(b) only establishes the order of closing argument, but not the discretionary nature of closings.
A defendant's right to waive a Constitutional right has long been recognized. In appropriate factual settings, New Jersey courts have permitted criminal defendants to waive substantial rights including those of a Constitutional dimension. See, e.g., State v. McKnight, 52 N.J. 35 (1968) (right to counsel); State v. Monroe, 30 N.J. 160 (1959) (right to trial by jury); State v. Kremens, 57 N.J. 309 (1971) (right to testify at his own trial); State v. Ciniglio, 57 N.J. Super. 399 (App.Div. 1959) (right to jury of twelve); and State v. Johnson, 68 N.J. 349 (1975) (right to refuse to consent to a warrantless search). If these rights may be surrendered, why not the right to a closing argument?
To constitute an effective waiver, the court must be satisfied that a defendant knew and understood the particular right and that he voluntarily relinquished it. See, e.g., State v. McKnight, 52 N.J. 35, 48-56 supra. This Court questioned the defendant on the record carefully. To characterize his answers, *564 Mr. Vigilante clearly stated that his attorney had explained to him the right to make a summation and the part a summation plays in the trial process, and that he understood that if a closing argument was waived by the defense, the jury would hear only from the prosecutor. Defendant also stated that he had discussed the waiver with his parents who had sat with him in Court throughout the trial. The Court was satisfied that the defendant's attorney had explained to the defendant that giving up the right to make a closing statement could be an effective trial strategy.[3] Based upon the explanation recommendation of his attorney, the concurrence by his parents and his own analysis, defendant stated categorically that he did not want his attorney to sum up. There was no doubt that defendant himself voluntarily and intentionally gave up his known right to a summation by his attorney.
From Herring v. New York, 422 U.S. 853, 858, 95 S.Ct. 2550, 2553, 45 L.Ed.2d 593 supra, we learn that:
The right to the assistance of counsel has been given a meaning that ensures to the defense in a criminal trial the opportunity to participate fully and fairly in the adversary factfinding process. [422 U.S. at 858, 95 S.Ct. at 2553.]
The Constitutional mandate was not violated at this trial. Obviously, the Court did not, directly or indirectly, prevent the defendant from making a closing statement. Defendant had the opportunity to consult with his attorney privately. He took advantage of that opportunity by acquainting himself with the trial tactics and strategy of his attorney. Counsel is an experienced trial attorney with expertise in the civil and criminal fields. He represented to the Court that this strategy reflected a conscious and deliberate decision, in light of the circumstances *565 of the trial and his own considerable experience with cases of a similar nature, as to how his client's best interests would be served. Such a decision, when made as a deliberate part of his trial strategy and expressly agreed to by defendant, is protected from the Court's further inquiry into counsel's or defendant's motives. Defendant received exactly what he was entitled to: consultation with his attorney in respect to the fundamental right of closing statement and the waiver of that right.[4]
Accordingly, this court has determined that defendant's right to a closing argument, while a valuable and substantial right, may be knowingly and voluntarily relinquished on the facts presented here.[5] Mr. Vigilante effectively waived his right to a summation.
NOTES
[1] More accurately, so that the trier of fact may make a proper decision. Since a non-jury criminal trial is unusual, jury is the equivalent of the court in a bench trial.
[2] The Sixth Amendment to the Constitution of the United States provides, in pertinent part, as follows:

In all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense.
The New Jersey counterpart of the Sixth Amendment is found in Article 1, paragraph 10 of the Constitution of 1948 which contain essentially the same protections.
[3] The Court did not inquire of defendant what reasons for waiver were suggested by his attorney. This investigation would seem to invade the attorney-client relationship. Counsel did represent on the record that, based upon his evaluation of the totality of the evidence, it would be in defendant's best interest not to make a closing argument. In effect, counsel expressed the belief that a summation in this trial would produce more harm than good. Counsel was not pressed for a further explanation.
[4] Enough was given to the Court to foreclose any later claim that defendant was denied effective assistance of counsel.
[5] Other jurisdictions have determined that the right to make closing argument may be surrendered in a criminal trial. See, e.g., Commonwealth v. Ramsey, 259 Pa.Super. 240, 393 A.2d 806 (Sup.Ct. 1978); People v. Talasch, 20 Ill. App.3d 794, 314 N.E.2d 510 (1974); Matthews v. United States, 449 F.2d 985 (D.C. Cir.1971); Dobbs v. State, 235 Ga. 800, 221 S.E.2d 576 (1976); United States ex rel. Turner v. Cuyler, 443 F. Supp. 263 (E.D.Pa. 1977); aff'd o.b. 595 F.2d 1215 (3d Cir.1979).