[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 4, 2002
THOMAS K. KAHN
CLERK

_____

No. 00-14576

_____

D. C. Docket No. 98-00494-CV-3-RV-SM

RICHARD LEE HUNTER,

Petitioner-Appellee,

versus

MICHAEL W. MOORE,
ROBERT A. BUTTERWORTH,

Respondents-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(September 4, 2002)**

Before BARKETT, HULL and KRAVITCH, Circuit Judges.

KRAVITCH, Circuit Judge:

This case presents the question whether a defendant has been denied counsel at a critical stage of his trial when the judge announces a verdict immediately after the close of evidence without offering any opportunity for a closing argument.

Because we hold that counsel does not waive closing argument in a bench trial when the trial judge immediately announces his guilty decision on the heels of the close of evidence and provides no opportunity for any objection prior to the guilty verdict, we affirm the district court's grant of habeas corpus under 28 U.S.C. § 2254.

## I. BACKGROUND

Richard Lee Hunter was in a parked car that had been stolen from an impound lot when he was observed by two police officers. The officers pulled their unmarked police vehicle directly behind the car Hunter was in, effectively blocking it in. The officers, who were in plain clothes, approached the vehicle and ordered Hunter to place his hands on the steering wheel. Hunter did not cooperate, however, and rammed the vehicles that were in front and behind him, in an effort either to escape or to injure the police officers. One police officer was able to break the driver's side window and remove the keys from the car. After initially resisting arrest, Hunter was handcuffed and removed from the vehicle. One officer had been struck twice by the moving car. After searching the car, police found cocaine and drug paraphernalia. Hunter was arrested and charged with the counts of aggravated assault, battery on a law enforcement officer, aggravated battery on a

2

law enforcement officer, possession of cocaine, possession of paraphernalia, reckless driving, and resisting arrest with violence (2 counts).[1]

Hunter waived his right to a jury and proceeded to have a non-jury trial. At trial, defense counsel's principal argument was that Hunter did not know that the plainclothes officers were policemen, and that he was merely attempting to flee from them. At the conclusion of the state's evidence, Hunter's counsel moved for a judgment of acquittal, which was granted as to the aggravated assault count. Hunter then put on a defense case, and the state called one witness in rebuttal. After the prosecutor indicated he had no further rebuttal and defense counsel stated he had no further questions, the trial judge began to address Hunter, but was interrupted by the prosecutor who questioned whether the defense had any surrebuttal. When defense counsel answered "no," the court immediately stated: "Mr. Hunter, sir, based upon the testimony and the evidence in this case, this Court finds you guilty . . . ." The record is clear that the court did not provide any opportunity for closing argument or even any opportunity for counsel to object

---

[1] Hunter initially was not charged with reckless driving or aggravated assault, and was charged with an additional count of battery on a law enforcement officer. An amended information added the reckless driving charge and amended one battery count to the aggravated assault count.

before the guilty verdict.[2]

Hunter appealed and the state appellate court affirmed the conviction per curiam.  Hunter v. State, 654 So.2d 1167 (Fla. 1st Dist. Ct. App. 1995).  Hunter then filed a state habeas claim which was denied and affirmed by the state appellate court without opinion.  Hunter v. State, 704 So.2d 523 (Fla 1st Dist. Ct. App. 1997).  Hunter filed this petition for federal habeas relief under 28 U.S.C. § 2254, alleging, among other things, that he received ineffective assistance of counsel because the state trial court denied his lawyer any opportunity to make a closing argument and thereby denied Hunter the right to counsel at a critical stage of the trial.[3]  The district court agreed and therefore granted the writ of habeas

---

[2] More specifically, after the State's rebuttal witness testified, defense counsel was asked if he had any surrebuttal witnesses.  Defense counsel replied "no," and the court immediately found the defendant guilty, as follows:
    MR. ZEITLIN: Do you have any surrebuttal?
    MR. WILLIAMS: No.
    THE COURT: Mr. Hunter, sir, based upon the testimony and the evidence in this case, this Court finds you guilty . . .
It is clear that the trial court had decided the case and announced its guilty verdict before defense counsel had any opportunity whatsoever to object to lack of a closing argument.

[3] The special concurrence notes that Hunter failed to raise the issue in this case in his direct state appeal and therefore the claim may not have been exhausted.  Although any discussion would normally be inappropriate, we address it briefly because it was raised in the special concurrence.
    Because the procedural bar issue was neither presented to the district court nor raised on appeal, it is waived.  See Francis v. Dugger, 908 F.2d 696, 705 n.2 (11th Cir. 1990) (finding state's failure to assert procedural default defense in district court constituted waiver); Harrison v. Jones, 880 F.2d 1279, 1282 (11th Cir. 1989) ("The state, however, did not raise this issue, and consequently has waived its procedural bar.").
    "Generally, claims of ineffective assistance of counsel are not considered for the first

4

corpus. The State of Florida appeals the district court's decision.

## *II. DISCUSSION*

Hunter's ineffective assistance of counsel claim presents a mixed question of law and fact and is subject to de novo review. See Huynh v. King, 95 F.3d 1052, 1056 (11th Cir. 1996). A federal habeas court reviewing a state court conviction may issue a writ of habeas if the state court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); Bell v. Cone, 122 S.Ct. 1843, 1850 (2002). A federal habeas court may issue the writ under the "contrary to" clause if the state court either applies the wrong rule to the facts of a case or decides the case differently than the Supreme Court has done in a case with materially indistinguishable facts. Bell, 122 S. Ct. at 1850; Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

---

time on direct appeal." United States v. Tyndale, 209 F.3d 1292, 1294 (11th Cir. 2000). The fact that Hunter claims his lawyer was ineffective because of government action, rather than the lawyer's own actions, does not cease to make it an ineffective assistance of counsel claim. We also note that Hunter filed a pro se state habeas petition claiming that his lawyer was ineffective for failing to give closing argument. Although Hunter did not specify that he was denied counsel at a critical stage, the state habeas petition appears to be sufficient to defeat any procedural bar because habeas petitions filed by pro se litigants are construed liberally. Aron v. United States, 291 F.3d 708, 715 (11th Cir. 2002). Furthermore, exhaustion under § 2254 requires only that state prisoners "give state courts a fair opportunity to act on their claims." O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999). This requirement is met when the petitioner has "presented the substance of his claim to the state courts." Vasquez v. Hillery, 474 U.S. 254, 258 (1986).

Claims of ineffective assistance of counsel are usually analyzed under the framework set out by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984). Under Strickland, a petitioner claiming that his counsel was so defective as to warrant a reversal of his conviction must demonstrate that counsel's "representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 688, 694. The state court that reviewed Hunter's state habeas petition under Florida Rule of Criminal Procedure 3.850 used the Strickland framework and determined that Hunter had not been prejudiced by the failure of his counsel to give a closing argument.

The Supreme Court set out an exception to the Strickland test, however, in United States v. Cronic, 466 U.S. 648 (1984), which was decided on the same day. The Court in Cronic determined that there are "circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." Cronic, 466 U.S. at 658. A petitioner whose case presents such a circumstance need not make the specific showing of prejudice required by Strickland. Id. at 659. An ineffective assistance claim should be analyzed under Cronic, rather than Strickland, if the defendant either "is denied counsel at a critical stage of his trial" or if "counsel entirely fails to subject the prosecution's

6

case to meaningful adversarial testing." Id.; see also Bell, 122 S.Ct. at 1851 (2002). In this case, the district court granted the writ of habeas, concluding that the state court should have applied Cronic, not Strickland. The district court deemed that Cronic was the appropriate legal test because Hunter was denied counsel at a critical stage in his trial when his lawyer was not afforded the opportunity to make a closing argument.[4]

The Supreme Court in Cronic cited several examples of cases where a defendant was denied counsel at a critical stage of his trial by government action. See Cronic, 466 U.S. at 668 n.25; see also Bell, 122 S.Ct. at 1851 n.3 (citing the same cases cited in Cronic and stressing that "[e]ach case involved criminal defendants who had actually or constructively been denied counsel by government action."). One case cited by the Supreme Court, Herring v. New York, 422 U.S. 853, 864-65 (1975), held that the Sixth Amendment secures the right of a criminal defendant to have his counsel present closing argument, even in a bench trial. The Court in Herring stated that "the overwhelming weight of authority, in both federal and state courts, holds that a total denial of the opportunity for final argument in a

---

[4] In Bell v. Cone, the Supreme Court recently clarified that the standard is extremely high for a petitioner asserting that his counsel entirely failed to subject the prosecution's case to meaningful adversarial testing. 122 S.Ct. 1843, 1851 (2002) ("the attorney's failure must be complete"). The Court in Bell did not appear to modify the analysis for a petitioner claiming that he was denied counsel at a critical stage in his trial.

7

nonjury criminal trial is a denial of the basic right of the accused to make his defense." Id. at 859. Based on the Supreme Court's citation of Herring in the Cronic opinion, it is clear that closing argument is a "critical stage" of a trial, and that a court's complete denial of an opportunity for closing argument by defense counsel constitutes the denial of counsel at a critical stage and warrants reversal without a specific showing of prejudice.

The state habeas court required Hunter to make a showing of specific prejudice, apparently because it did not believe that closing argument constituted a "critical stage" of trial when counsel had argued an earlier motion for judgment of acquittal.[5] The state court's decision, however, is contrary to the clearly established Federal law set out in Herring.[6] See 422 U.S. at 864-65. The citation

---

[5] The state habeas court stated that:

Although counsel failed to make any arguement [sic] on behalf of Defendant at the close of all the evidence, counsel moved for a judgment of acquittal at [sic] to all counts at the close of the State's case, and argued for Defendant at that time. Consequently, Defendant suffered no prejudice by counsel not doing so again at the close of all evidence. (footnote citation omitted).

[6] Herring explained the importance of closing argument in the following:

It can hardly be questioned that closing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case. For it is only after all the evidence is in that counsel for the parties are in a position to present their respective versions of the case as a whole. Only then can they argue the inferences to be drawn from all the testimony, and point out the weaknesses of their adversaries' positions. And for the defense, closing argument is the last clear chance to persuade the trier of fact that there may be reasonable doubt of the

8

to <u>Herring</u> in the Court's <u>Cronic</u> decision makes clear that constitutional error exists without a showing of prejudice whenever a court denies defense counsel the opportunity to present closing argument and thereby denies the defendant his right to counsel at a critical stage of the trial. <u>Cronic</u>, 466 U.S. 648, 668 n.25. The district court therefore was correct to grant the habeas petition if Hunter's counsel was denied an opportunity to make closing argument by government action.

The question of whether Hunter's counsel was denied an opportunity to make closing argument by government action is more difficult in this case than in <u>Herring</u>, where defense counsel requested closing argument, but the court stated that it "[chose] not to hear summations." <u>See</u> <u>Herring</u>, 422 U.S. at 853-54. Here, Hunter's trial counsel never made a request for closing argument; thus the trial judge neither granted nor denied such a request. A petitioner claiming that he was denied counsel at a critical stage must show that he was "actually or constructively . . . denied counsel by government action." <u>Bell</u>, 122 S.Ct. at 1851 n.3. If Hunter's

---

defendant's guilt.

<u>Herring v. New York</u>, 422 U.S. 853, 862 (1975). The above quote succinctly illustrates why the arguments made by defense counsel during the motion for judgment of acquittal were not an adequate substitute for closing argument. At the time of the motion for judgment of acquittal, the defense had not presented any evidence, so defense counsel was incapable of presenting his "version[] of the case as a whole" and was unable to use it as the "last clear chance to persuade the trier of fact." Defense counsel also presented its arguments differently than it would have in a closing argument because evidence must be judged in the light most favorable to the prosecution in deciding a motion for judgment of acquittal.

counsel had an opportunity to make a closing argument, but waived the right to do so, it was a strategic choice that is subject to Strickland's performance and prejudice prongs. See id. at 1852.

Waiver of a constitutional right will only be found if the record discloses its "intentional relinquishment or abandonment." Johnson v. Zerbst, 304 U.S. 458, 464 (1938). Although the Eleventh Circuit has not addressed this exact issue, several other Circuits have made determinations as to what constituted the "intentional relinquishment or abandonment" of the right to have counsel present closing argument. See Kearney v. United States, 708 A.2d 262, 265 (D.C. Cir. 1998) (holding that counsel had waived closing argument by remaining silent when the court asked "[a]ll righty?" after announcing it would rule without argument); United States v. Stenzel, 49 F.3d 658, 661-62 (10th Cir. 1995) (holding that counsel had waived closing argument by interrupting the trial judge immediately before judgment to renew some motions, but failing to request closing argument); United States v. Martinez, 974 F.2d 589, 590 (5th Cir. 1992) (holding that counsel waived the right to closing argument by remaining silent when the trial judge "informed counsel that he was prepared to rule and that he did not consider arguments necessary"); United States v. Spears, 671 F.2d 991, 994 (7th Cir. 1982) (holding that counsel had waived closing argument by failing to make a request for

closing argument after a three week adjournment following the close of evidence, but noting that there is no waiver "where the announcement of the verdict comes on the heels of the close of evidence"); United States v. King, 650 F.2d 534, 536-37 (4th Cir. 1981) (holding that counsel had not waived closing argument by declining to make an argument after the district court told him to "[g]o ahead if you want to argue it. I have already made my finding. It's not going to change anything."); United States v. Walls, 443 F.2d 1220, 1223 (6th Cir. 1971) (holding that trial court erred when, "[i]mmediately following the conclusion of the case for the defense, the court stated his finding of guilt, and court was adjourned").

We agree with those Circuits that have indicated that there is no waiver "where the announcement of the verdict comes on the heels of the close of evidence." Spears, 671 F.2d at 994. As the Fifth Circuit wrote, "a waiver will not be implied where there is no meaningful opportunity to object to a lack of closing argument." Martinez, 974 F.2d at 592. In this case, the trial court never announced that it would not be hearing oral argument and immediately made a finding of guilt at the close of evidence. In light of the attendant circumstances in this case, Hunter's counsel never had a meaningful opportunity, in the trial court, to object to the lack of closing argument, and Hunter thereby was denied by government action his Sixth Amendment right to have his counsel present a closing

11

argument.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the order of the district court granting Hunter's petition for writ of habeas corpus and remanding to the state court for further proceedings.

HULL, Circuit Judge, concurring:

I concur in full in Judge Kravitch's opinion except for footnote 3. I write separately to note that in his direct state appeal, Hunter's counsel filed an <u>Anders</u>

brief and did not raise any issue regarding the state trial court's denial of any opportunity for closing argument and denial of counsel at a critical stage of the criminal proceeding. I also question whether Hunter's state habeas petition raises the issue which we decide today, i.e., whether he was denied counsel altogether at a critical stage, as opposed to ineffective assistance of counsel. Thus, there is, at a minimum, an argument that Hunter has failed to exhaust these claims. However, the State has not argued failure to exhaust or procedural default in the district court or on appeal, and, thus, we are not required to address in this case whether Hunter's claims are procedurally barred in this § 2254 action, and, if so, whether there exists the cause and prejudice required to overcome a procedural bar. Indeed, as the majority opinion points out, the issue, having been waived, is not presented for decision.