[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14934
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 14, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:05-cv-22510-UU

LEO CHARLES HOLLINGSWORTH,

Petitioner-Appellant,

versus

ATTORNEY GENERAL, STATE OF FLORIDA,
SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 14, 2011)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner, Leo C. Hollingsworth, a Florida state prisoner, appeals the

district court's denial of his petition for a writ of habeas corpus vacating his 2002 conviction in the Circuit Court for Dade County, Florida, for manslaughter with a knife.[1] 28 U.S.C. § 2254. Petitioner sought the writ on the ground that his court-appointed attorney rendered ineffective assistance of counsel by failing—during the three years he represented petitioner pretrial—to investigate and prepare a defense to the charge pending against him, second-degree murder. Although the circuit court dismissed the attorney and appointed new counsel, petitioner claimed that the previous attorney's ineffective representation before new counsel came aboard prevented the latter from preparing an appropriate defense to the charge.

The circuit court (the judge who presided over petitioner's criminal prosecution), in post-conviction proceedings under Florida Rule of Criminal Procedure 3.850, denied petitioner's ineffective-assistance-of-counsel claim. In doing so, the court rejected petitioner's argument that it should presume that the first attorney prejudiced petitioner's defense. *See United States v. Cronic*, 466

---

[1] Petitioner was charged in April 1998 with second-degree murder for killing Donald Watkins with a knife. Petitioner and Watkins were homeless. On the morning of April 4, 1998, they, and 60-70 homeless men were fed breakfast by the Jesus People Ministry. While petitioner and Watkins were waiting in line for food, an altercation occurred between them and petitioner stabbed Watkins with a knife without justification, according to the State. Petitioner claimed that he stabbed Watkins in self-defense, and so testified at trial. The defense failed, and the jury convicted him of the lesser included offense of manslaughter with a knife. The court sentenced petitioner to a prison term of 17.31 years. Petitioner's conviction was affirmed on direct appeal. *Hollingsworth v. State*, 864 So.2d 582 (Fla. 3d Dist. Ct. App. 2004).

2

U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). The circuit court's ruling was affirmed on appeal, without opinion. *Hollingsworth v. State*, 896 So.2d 753 (Fla. 3d Dist. Ct. App. 2005).

The district court denied petitioner's § 2254 petition on the ground that the district court of appeal's affirmance of the circuit court's Rule 3.850 decision was not contrary to or an unreasonable application of clearly established federal law. *See* 2254(d). The district court nonetheless granted petitioner's application for a certificate of appealability ("COA"), so that this appeal could go forward. The COA contains one issue: "whether Petitioner's claim of ineffective assistance of counsel warrants the presumption of prejudiced discussed in *United States v. Cronic*.

On appeal, petitioner asserts that three types of cases warrant *Cronic*'s presumption of prejudice, and that his case presents a combination of the first and third types because (1) his first attorney's inaction for three years constructively denied him the presence of counsel during the pretrial period, which is a critical stage of the criminal case; and (2) the time that elapsed before the appointment of substitute counsel rendered it highly unlikely that any attorney could have prepared effectively for trial.

A district court's grant or denial of a habeas corpus petition under § 2254 is

reviewed *de novo*. *Sims v. Singletary*, 155 F.3d 1297, 1304 (11th Cir. 1998). We examine the district court's factual findings for clear error, but review an ineffective-assistance-of-counsel claim, which presents a mixed question of law and fact, *de novo*. *Id.*

Under § 2254(d), a writ of habeas corpus may not issue unless the decision of the state court denying the constitutional claim at issue was (1) contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court, or (2) based on an unreasonable determination of the facts in light of the evidence presented during the state court proceeding. 28 U.S.C. § 2254(d). A state court decision is "contrary to" clearly established federal law if a state court: (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law; or (2) decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 1519-20, 146 L.Ed.2d 389 (2000). A state court's decision is not contrary to clearly established federal law, however, merely because the state court failed to cite federal law. *Early v. Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 365, 154 L.Ed.2d 263 (2002). Moreover, where there is no Supreme Court precedent on point, the state court's conclusion cannot be contrary to clearly established federal law. *Henderson v. Campbell*, 353 F.3d 880, 890 n.15

(11th Cir. 2003).

A state court decision amounts to an unreasonable application of federal law if the state court (1) "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or (2) "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407, 120 S.Ct. at 1520. When making the "unreasonable application" inquiry, we need not decide if we "would have reached the same result as the state court if we had been deciding the issue in the first instance." *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1256 (11th Cir. 2002). Rather, we decide "only whether the state court's decision of the issue is objectively unreasonable." *Id.*; *see Hawkins v. Alabama*, 318 F.3d 1302, 1307 n.3 (11th Cir. 2003) (noting that a state court's refusal to extend legal principles set forth by the Supreme Court to substantially different circumstances than those already addressed by the Supreme Court can be objectively reasonable).

The Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. Amend. VI. Moreover, the right to counsel is the right to effective

5

assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984).  To establish a case of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) his defense was prejudiced by the deficient performance.  *Id.* at 687, 104 S.Ct. at 2064.  In certain contexts, however, "prejudice is presumed."  *Id.* at 692, 104 S.Ct. at 2067.  Specifically, a presumption of prejudice applies to an "[a]ctual or constructive denial of the assistance of counsel altogether" and to "various kinds of state interference with counsel's assistance."  This is because "[p]rejudice in these circumstances is so likely that case-by-case inquiry into prejudice is not worth the cost" and "such circumstances involve impairments . . . that are easy to identify and, . . . because the prosecution is directly responsible, easy for the government to prevent."  *Id*.

In *United States v. Cronic*, the Supreme Court identified three ineffective-assistance-of-counsel circumstances "so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified."  466 U.S. 648, 658, 104 S.Ct. 2039, 2046, 80 L.Ed.2d 657 (1984).   Such circumstances are present when (1) there is a complete denial of counsel; (2) "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing"; and (3) counsel is called on to render assistance under circumstances where "the

6

likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." *Id.* at 659-60, 104 S.Ct. at 2047; *see also Bell v. Cone*, 535 U.S. 685, 695-96, 122 S.Ct. 1843, 1851, 152 L.Ed.2d 914 (2002) (elaborating that a presumption of prejudice is warranted when (1) "the accused is denied the presence of counsel at a critical stage"; (2) "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing"; or (3) "counsel is called upon to render assistance under circumstances where competent counsel very likely could not" (quotations omitted)). In these circumstances, it is possible to presume prejudice to the defense. *Hunter v. Moore*, 304 F.3d 1066, 1070 (11th Cir. 2002). Aside from these three situations, a petitioner pursuing an ineffective-assistance-of-counsel claim must demonstrate prejudice. *Purvis v. Crosby*, 451 F.3d 734, 741 (11th Cir. 2006).

In *Bell*, the Supreme Court identified "critical stage[s]" of a prosecution by looking to previous cases in which it had characterized various stages of criminal proceedings as holding "significant consequences for the accused." *Bell*, 535 U.S. at 695-96 & n.3, 122 S.Ct. at 1851 & n.3. To this end, in *Powell v. Alabama*, the Court described the pre-trial period as perhaps the most critical period of the proceedings . . . that is to say, from the time of their arraignment until the

7

beginning of their trial, when consultation, thorough-going investigation and preparation were vitally important. 287 U.S. 45, 57, 53 S.Ct. 55, 59-60, 77 L.Ed. 158 (1932). In *Geders v. United States*, where the trial court precluded the defendant from consulting with counsel during a seventeen-hour overnight recess between his direct and cross-examination, the Court, without considering the issue of prejudice, held that the defendant was deprived of his Sixth Amendment right to counsel. 425 U.S. 80, 88-91, 96 S.Ct. 1330, 1335-36, 47 L.Ed.2d 592 (1976). The Court reasoned that "[s]uch recesses are often times of intensive work, with tactical decisions to be made and strategies to be reviewed." *Id.* at 88, 96 S.Ct. at 1335.

In *Bell*, the Court recognized that *Powell* presented circumstances in which the likelihood that any lawyer could provide effective assistance was so small that a presumption of prejudice was warranted. *Bell*, 535 U.S. at 695-96 & n.3, 122 S.Ct. at 1851 & n.3. In *Powell*, the defendants had been indicted for a highly publicized capital offense. 287 U.S. at 49-52, 53 S.Ct. at 57-58. Six days before trial, the court appointed "all the members of the bar" to represent them for purposes of arraignment. *Id.* at 53, 53 S.Ct. at 58. On the day the trial was to commence, an out-of-state lawyer appeared on behalf of persons "interested" in the defendants, but stated that he was unwilling to represent the defendants

because he had not prepared the case and was unfamiliar with local rules. *Id.* at 53-55, 53 S.Ct. at 58-59. The court resolved the problem by stating that the out-of-state lawyer would represent the defendants, with whatever help the local bar could provide. *Id.* at 55-56, 53 S.Ct. at 59. The *Powell* Court concluded that "such designation of counsel as was attempted was either so indefinite or so close upon the trial as to amount to a denial of effective and substantial aid in that regard." *Id.* at 53, 53 S.Ct. at 58. In support, the Court also noted that the defendants were "young, ignorant, illiterate, surrounded by hostile sentiment, haled back and forth under guard of soldiers, [and] charged with an atrocious crime regarded with especial horror in the community where they were to be tried." *Id.* at 57-58, 53 S.Ct. at 60.

However, "[n]ot every restriction on counsel's time or opportunity to investigate or to consult with his client or otherwise to prepare for trial violates a defendant's Sixth Amendment right to counsel." *Morris v. Slappy*, 461 U.S. 1, 3, 11, 103 S.Ct. 1610, 1612, 1616, 75 L.Ed.2d 610 (1983). *See Chambers v. Maroney*, 399 U.S. 42, 53-54, 90 S.Ct. 1975, 1982-1983, 26 L.Ed.2d 419 (1970) (rejecting an ineffective-assistance claim predicated on the appointment of counsel minutes before the beginning of the petitioner's second trial and declining to establish "a *per se* rule requiring reversal of every conviction following tardy

9

appointment of counsel"); *Avery v. State of Ala.*, 308 U.S. 444, 447, 450-53, 60 S.Ct. 321, 322, 324-25, 84 L.Ed. 377 (1940) (holding that, although counsel in a capital case was appointed only three days before trial, the petitioner was not deprived of effective assistance because the evidence and witnesses were easily accessible and, thus, the time provided was adequate for preparation); *Kimmelman v. Morrison*, 477 U.S. 365, 381 & n.6, 384-85, 106 S.Ct. 2574, 2586 & n.6, 2588, 91 L.Ed.2d 305 (1986) (recognizing that *Strickland*, not *Cronic*, applied to an ineffective-assistance claim concerning trial counsel's failure to file a timely suppression motion because he neglected to conduct a pretrial investigation and, as a result, did not know that a search had been conducted or that the state intended to introduce evidence obtained during the search at trial).

Petitioner did not carry his burden of showing that his first attorney's failure to conduct pretrial investigation over a three-year period rendered substitute counsel's ability to provide effective assistance so unlikely that a presumption of prejudice was warranted. Accordingly, we agree with the district court that the state court's application of *Strickland*, rather than *Cronic*, was not contrary to or an unreasonable application of federal law.

The judgment of the district court is, accordingly,

AFFIRMED.