[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10510
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-00030-WLS-TQL-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEXTER GRIFFIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(April 4, 2013)

**ON PETITION FOR REHEARING**

Before MARCUS, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Dexter Griffin appeals his conviction and sentence for distributing crack cocaine within 1,000 feet of a public housing location and using a person under the age of 18 to commit the offense and to assist in avoiding detection or apprehension for that offense. After a thorough review of the record, we affirm.[1]

Griffin and two codefendants were charged by superseding indictment with multiple drug-related offenses. Griffin agreed to plead guilty to a single count of distributing crack cocaine within 1,000 feet of a public housing location and to using a person under the age of 18 to commit and to assist in avoiding detection or apprehension for that offense, in violation of 21 U.S.C. §§ 841(a)(1) and 860(a) and (c). Griffin admitted that on several occasions, a confidential informant purchased crack from him within close proximity to different public housing facilities. During one purchase, Griffin used a five-year-old child to avoid suspicion and hide the location of the drugs.

At the change-of-plea hearing, Griffin stated that he understood the charges against him and the terms of the plea agreement, and that he was satisfied with his counsel. The plea agreement contained a waiver-of-appeal provision, in which

---

[1] We grant Griffin's petition for rehearing, vacate our previous opinion, and substitute this opinion in its place.

2

Griffin agreed he could not directly appeal or collaterally challenge his sentence unless it exceeded the advisory guidelines range or if the government appealed. The court explained the waiver-of-appeal provision at the hearing, and Griffin indicated that he understood it.

The probation officer calculated Griffin's advisory guideline range as 92 to 115 months' imprisonment, based on an adjusted offense level of 23 and a criminal history category VI. Prior to sentencing, Griffin advised the court that his attorney violated his Fifth and Fourteenth Amendment rights by acting in bad faith. Griffin alleged that he suffered from depression and that his attorney and the government coerced him into pleading guilty by promising him that the government would file a motion for a reduction in sentence under U.S.S.G. § 5K1.1. But, according to Griffin, they never intended to do so.

At sentencing, the court addressed Griffin's allegations, noting that he had expressed satisfaction with counsel during the change-of-plea hearing and that he had stated that no one had coerced him into pleading guilty. Griffin testified that counsel had told him that his depression was not a legal defense and that the § 5K1.1 motion would reduce his sentence. When confronted with his statements from the plea hearing, Griffin admitted that he lied at the change-of-plea hearing. Nevertheless, Griffin informed the court that he did not want to withdraw his plea

3

and he confirmed that he was guilty. Griffin's counsel testified that he had advised Griffin that the government had discretion to file the § 5K1.1 motion. None of the other witnesses who testified could corroborate Griffin's testimony about the § 5K1.1 motion.

Although the court concluded that counsel had not done anything improper, it appointed new counsel and took the matter of Griffin's depression under advisement.

The probation officer revised the sentencing calculation to add an enhancement for obstruction of justice based on Griffin's perjury during the prior hearing. The application of the enhancement also rendered Griffin ineligible for the acceptance-of-responsibility reduction. The revised adjusted offense level was 28, which yielded a guideline range of 140 to 175 months' imprisonment. Griffin filed objections to the new calculations.

At sentencing, the court confirmed that Griffin did not wish to withdraw his guilty plea. Griffin then objected to the perjury enhancement, arguing that any statements he made were in the context of his request for new counsel and thus were made without the benefit of counsel. The court overruled the objections, applying the enhancement not on the basis of Griffin's admission that he lied, but rather based on Griffin's statement that the government had promised him a 5K1.1

4

reduction. The court sentenced Griffin to 157 months' imprisonment, which was the middle of the guideline range.

Griffin now appeals, raising three issues. First, he argues that he was denied counsel during a critical stage of the proceedings, and he was sentenced more harshly because of statements he made to the court when he had no counsel. Alternatively, he argues that he was denied effective assistance of counsel during a critical stage. Second, he argues that the district court erred by increasing his offense level for alleged obstruction of justice and by failing to reduce his offense level for acceptance of responsibility. He asserts that his sentence appeal waiver does not bar these challenges. Third, he argues that the district court violated his right against double jeopardy by convicting him of three crimes, two of which were lesser-included offenses of the third, and that he received multiple punishments for the same offense. We address each point in turn.

I.

We review the district court's legal conclusions *de novo* and its factual findings for clear error. *United States v. Villarreal*, 613 F.3d 1344, 1349 (11th Cir. 2010). Where a defendant fails to raise a claim in district court, we review only for plain error. *United States v. Davila*, 664 F.3d 1355, 1358 (11th Cir. 2011). To establish plain error, a defendant must show that there was (1) error, (2)

that was plain, (3) that affected his substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id.* (citation omitted).

The Sixth Amendment provides that in all criminal prosecutions, "the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. Once the right to counsel attaches, the accused is entitled to counsel during any "critical stage" of the post-attachment proceedings. *Rothgery v. Gillespie County*, 554 U.S. 191, 212 (2008). A petitioner claiming that he was denied counsel at a critical stage must show that he was "actually or constructively . . . denied counsel by government action." *Hunter v. Moore*, 304 F.3d 1066, 1071 (11th Cir. 2002) (citing *Bell v. Cone*, 535 U.S. 685, 696 n.3 (2002)).

The Sixth Amendment also guarantees every criminal defendant the right to *effective* assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Nevertheless, we "will not generally consider claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim nor develop a factual record." *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010) (citation omitted). The preferred means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255

motion "even if the record contains some indication of deficiencies in counsel's performance." *Id.* at 1328-29 (citing *Massaro v. United States*, 538 U.S. 500, 504 (2003)). We will, however, consider those claims on direct appeal "if the record is sufficiently developed." *Id.* (citation omitted).

Here, it is unnecessary to decide whether Griffin properly raised in the district court his argument that he was denied counsel at a critical stage, because under any standard of review, his argument lacks merit. His attorney was present and represented him up until the district court decided, without finding any wrongdoing by his attorney, that it would appoint new counsel. Moreover, Griffin has not shown that he was denied counsel by government action, because neither the court nor the prosecutor did anything to prevent his attorney from objecting to questions or from consulting with him at any time. *See Hunter*, 304 F.3d at 1071.

We do not address Griffin's argument that he was denied effective assistance of counsel because such claims are more properly brought in a § 2255 motion where, as here, the record was not sufficiently developed. *Patterson*, 595 F.3d at 1328.

## II.

In reviewing the district court's imposition of an obstruction-of-justice sentencing enhancement, we review the district court's factual findings for clear

error and its application of the factual findings to the sentencing guidelines *de novo*. *United States v. Doe*, 661 F.3d 550, 565 (11th Cir. 2011), *cert. denied*, 132 S.Ct. 1648 (2012) (addressing enhancement under §3C1.1); *United States v. Williams*, 627 F.3d 839, 844 (11th Cir. 2010) (addressing reduction under §3E1.1).

A defendant is subject to a two-level sentence enhancement where he "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction," and the conduct related to his "offense of conviction and any relevant conduct; or . . . a closely related offense." U.S.S.G. § 3C1.1. Examples of covered conduct include committing perjury and providing materially false information to a judge. *See id.* comment. (n.4).

A defendant may receive a two-level reduction in his offense level "if the defendant clearly demonstrates acceptance of responsibility." *Id.* § 3E1.1. The defendant bears the burden of demonstrating acceptance of responsibility. *United States v. Sawyer*, 180 F.3d 1319, 1323 (11th Cir. 1999). We will not set aside a district court's denial of a § 3E1.1 adjustment unless the facts in the record clearly establish that the defendant accepted responsibility. *United States v. Moriarty*, 429 F.3d 1012, 1022-23 (11th Cir. 2005). Although a guilty plea constitutes significant evidence of acceptance of responsibility, it may be outweighed by

conduct that was inconsistent with acceptance of responsibility, and a defendant is not entitled to a reduction under § 3E1.1 as a matter of right. U.S.S.G. § 3E1.1, comment. (n.3). Furthermore, if the defendant's conduct resulted in an obstruction enhancement under § 3C1.1, then that "ordinarily indicates that the defendant has not accepted responsibility." *Id.* comment (n.4). But there may be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply. *Id.*

Here, the district court did not clearly err in applying the obstruction-of-justice enhancement. The district court found that Griffin lied to the court when he testified that his attorney and the government's attorney promised that he would receive the benefit of a § 5K1.1 motion. Reviewing the records from the change-of-plea hearing, the court noted that it had informed Griffin that the sentence was at the court's discretion and Griffin confirmed that no one had made any promises to him to induce his plea. In light of these facts, the court found that Griffin could not have had a good faith belief that the attorneys promised him a sentencing reduction under § 5K1.1. The court explained that Griffin's misrepresentations rendered it necessary to hold multiple hearings, appoint new counsel for Griffin, and delay the proceedings. In this case,

we cannot conclude that the court erred by applying the two-point enhancement.[2] *Doe*, 661 F.3d at 566.

We also cannot conclude that the district court clearly erred when it determined that Griffin was not entitled to a reduction for acceptance of responsibility under § 3E1.1. Even though he pleaded guilty and reiterated his guilt several times throughout the proceedings, he also lied to the court and misrepresented what the attorneys in the case told him about sentencing. U.S.S.G. § 3E1.1, comment (n.4). He also filed a motion to withdraw his plea, which he later informed the court he did not wish to do. At one point, he asked the court if he could change his plea to "no contest." Although there are circumstances in which a defendant may receive an enhancement under § 3C1.1 and a reduction under §3E1.1, we cannot say that the court erred when it concluded this was not one of those circumstances.

### III.

We normally review a double jeopardy challenge *de novo*. *United States v. Smith*, 532 F.3d 1125, 1126 (11th Cir. 2008). Generally, a guilty plea waives all

---

[2] We reject Griffin's argument that he should not be held to have obstructed justice because he was without counsel at the time he made the false statements to the court. The court applied the enhancement not based on Griffin's admission that he lied, which occurred when he claims he was without counsel. Rather, the court based the enhancement on Griffin's statements that he had been promised a reduction under § 5K1.1, which Griffin could not have made in a good faith and which occurred while Griffin was counseled.

non-jurisdictional challenges to a conviction. *Id.* at 1127. Where a defendant fails to raise a double jeopardy claim in the district court, we review only for plain error. *Smith*, 532 F.3d at 1126.

The Fifth Amendment's Double Jeopardy Clause guarantees that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This guarantees against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *United States v. Bobb*, 577 F.3d 1366, 1371 (11th Cir. 2009). Only the prohibition against multiple punishments for the same offense is relevant here.

Generally, when a defendant has violated two different criminal statutes, the Double Jeopardy Clause protects him from being convicted under both when the statutes prohibit the same act or when one act is a lesser-included offense of the other. *Id.* at 1371-72. "The proper remedy for convictions on both greater and lesser included offenses is to vacate the conviction and the sentence of the lesser included offense." *United States v. Boyd*, 131 F.3d 951, 954–55 (11th Cir. 1997).

The relevant statutes at issue in this case are 21 U.S.C. §§ 841(a)(1), (b), 860(a), and 860(c). Under § 841(a)(1), it is unlawful for any person knowingly or intentionally to distribute a controlled substance. 21 U.S.C. § 841(a)(1). Section

11

841(b) establishes the penalties for violating § 841(a)(1). *Id.* § 841(b). Under § 860(a), any person who violates § 841(a)(1) by distributing a controlled substance within 1,000 feet of a housing facility owned by a public housing authority is subject to twice the maximum punishment authorized by § 841(b). *Id.* § 860(a). Finally, § 860(c) provides that any person at least 21 years of age who knowingly and intentionally uses a person under 18 years of age "to violate this section" or uses a person under 18 years of age "to assist in avoiding detection or apprehension for any offense under this section . . . is punishable by a term of imprisonment, a fine, or both, up to triple those authorized by section 841 of this title." *Id.* § 860(c).

We have held that 21 U.S.C. §§ 841(a)(1) and 860 constitute the same offense for double-jeopardy purposes. *United States v. Freyre-Lazaro*, 3 F.3d 1496, 1507 (11th Cir. 1993). In addition, § 841(a)(1) is a lesser-included offense of § 860, and § 860 should apply in lieu of § 841(b) when the offense occurs within 1,000 feet of a school. *Id.* Furthermore, § 860 "is a substantive criminal statute, not a mere sentence enhancer for section 841(a)." *United States v. Anderson*, 200 F.3d 1344, 1347 (11th Cir. 2000) (citation omitted).

Here, Griffin failed to raise his double jeopardy argument in district court, and under plain error review, his argument fails. The district court did not find

12

Griffin guilty in separate counts for the same offense. Rather, the court adjudicated him guilty of only one count, and imposed only one sentence. It appears that all of the statutes were included in the same count of the indictment, and again in the judgment, because § 860(c), standing alone, does not state all of the elements of the offense. *See* 21 U.S.C. § 860(c). The district court provided all of the sections to provide context for the criminal conduct. This does not create multiple punishments.

Accordingly, for the foregoing reasons, we affirm Griffin's conviction and sentence.

**AFFIRMED.**