81,507-03

Mr. Andres Mata
TDCJ-CID #1297972
Connally Unit
899 FM 632
Kenedy, Texas 78119

February 20, 2015

Texas Court of Criminal Appeals
Court Clerk
P.O. Box 12308, Capitol Station
Austin, Texas 78711

Re:  Ex parte Andres Mata, No. WR-81,507-03

Dear Court Clerk:

Please file the enclosed Pro Se Applicant's Objections to Trial Court's Findings of Fact and Conclusions of Law.  I filed these Objections today with the Trial Court by placing them in the prison mailbox-postpaid.  See Campbell v. State, 320 S.W.3d 338, 344 (Tex.Crim.App.2010) (holding that the pleadings of pro se inmates shall be deemed filed at the time they are delivered to prison authorities for forwarding to the court clerk).

This is a courtesy copy of the documents filed in the Trial Court.

Please notify me of any action taken by the Court on my case.  Thank you.

Respectfully submitted,

Andres Mata, Pro Se

CC:  File.

RECEIVED IN
COURT OF CRIMINAL APPEALS
FEB 25 2015
Abel Acosta, Clerk

Trial Court Writ No. W04-01557-I(C)
Court of Criminal Appeals No. WR-81,507-03

EX PARTE                               §        IN THE CRIMINAL
                                       §
                                       §        DISTRICT COURT NO. 2
                                       §
ANDRES MATA,                           §
        Applicant.                     §        DALLAS COUNTY, TEXAS

## APPLICANT'S OBJECTIONS TO TRIAL COURT'S
## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### I.  INTRODUCTION

Applicant Andres Mata filed his Application for Writ of Habeas Corpus requesting relief from his conviction for aggravated sexual assault. On February 11, 2015, the Court of Criminal Appeals entered an order stating that Mr. Mata has alleged facts that, if true, might entitle him to relief. Ex parte Mata, No. WR-81507-03, Court Order p. 2 (Tex.Crim.App.Feb.4,2015). The Court remanded the cause to the Trial Court to order trial counsel and appellate counsel to respond to Mr. Mata's claims of ineffective assistance of counsel. Id. at p. 2. The Trial Court did not order the attorneys to submit affidavits but instead entered Findings of Fact and Conclusions of Law recommending that relief be denied. Ex parte Mata, Writ No. W04-01557-I(C), Trial Court's Findings of Fact and Conclusions of Law on Remand, pp. 1-2 (Dallas County Crim. Dist. Ct. No. 2). Mr. Mata reurges all of his Grounds for habeas corpus relief. Mr. Mata also lodges the objections below in Section IV as authorized by Texas Rule of Appellate Procedure 73.4(b)(2).

### II.  STATEMENT OF THE FACTS

On April 19, 2003, Mr. Mata left home at about 11:30 p.m. or 12:00 a.m. State Writ Application, **Exhibits 1** and **2**, Affidavit and Written Statement of Andres Mata. He drove to a bar known as "The Patron." Id. **Exhibit 1.** He had a few beers and then went to Taco Cabana to eat. Id. After that, he drove back to the bar. At the bar he met Courtney Ellis (Complainant). To

1

make a long story short, Mr. Mata and Complainant ended up in a parking garage in Complainant's car having consensual sex. Id. **Exhibits 1 and 2.** Mr. Mata had enough beers to give him a slight buzz. Id. Him and Complainant each swallowed an ecstasy pill before having consensual sex. Id. Complainant ended up at the hospital hours later with several minor injuries, bruises, and scrapes. **State's Exhibits 1-19.** Mr. Mata's main defense at trial was that the sex between him and Complainant was consensual. See e.g. 3 RR 64 L 2-7; 3 RR 81 L 1-11; 4 RR 44 L 16-17; 4 RR 50-51. Trial counsel also suggested that Complainant's boyfriend physically assaulted her after discovering she had sex with Mr. Mata. 4 RR 44 L 18-22.

### III. STATEMENT OF THE CASE

A jury convicted Mr. Mata of aggravated sexual assault after he pled not guilty. The jury sentenced him to life in prison on April 8, 2005. The Fifth Court of Appeals affirmed his conviction. Mata v. State, No. 05-05-00504-CR (Tex.App.—Dallas March 26, 2007) (not designated for publication). With Judge Meyers dissenting, this Court refused Mr. Mata's Petition for Discretionary Review. Mata v. State, No. PD-1016-07 (Tex.Crim.App.Jan.16,2008).

This is Mr. Mata's third habeas writ. The Court of Criminal Appeals dismissed his first application without written order. Ex parte Mata, No. WR-81,507-01 (Tex.Crim.App.July 23,2014). The Court of Criminal Appeals dismissed his second writ for noncompliance. Ex parte Mata, No. WR-81,507-02 (Tex.Crim. App.July 23,2014). The Court of Criminal Appeals entered an order remanding this writ and directing the Trial Corut to order trial and appellate counsel to respond to Mr. Mata's claims of ineffective assistance of counsel. The Court also directed the Trial Court to enter findings of fact and conclusions of law. See Ex parte Mata, No. WR-81,507-03, Court Order pp. 1-3 (Tex.Crim. App.Feb.4,2015).

2

The Trial Court did not order trial and appellate counsel to respond to Mr. Mata's claims of ineffective assistance of counsel. Instead, the Trial Court adopted its own prior Findings of Facts and Conclusions of Law entered in Mr. Mata's second writ proceedings and dated March 26, 2014. The Trial Court recommends that relief be denied.

## IV. OBJECTIONS

A. OBJECTION NO. 1: THE TRIAL COURT OUGHT TO ORDER TRIAL AND APPELLATE COUNSEL TO RESPOND TO MR. MATA'S CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL.

The Court of Criminal Appeals directed the Trial Court to order trial and appellate counsel to respond to Mr. Mata's claims of ineffective assistance of counsel. The Trial Court has not complied with that order. Even the State has asked the Trial Court to gather evidence regarding trial and appellate counsels' representation by entering an order designating issues and requesting affidavits from these attorneys. See Ex parte Mata, Writ No. W04-01557-I(C), State's Response to Application for Writ of Habeas Corpus, pp. 12-13, 16-17 (Oct.30,2014).

B. OBJECTION NO. 2: THE TRIAL COURT OUGHT TO CONSIDER THE CUMULATIVE EFFECT OF THE TRIAL ERRORS BECAUSE THE ERRORS SO FATALLY INFECTED THE TRIAL THAT THEY VIOLATED THE TRIAL'S FUNDAMENTAL FAIRNESS.

The cumulative error doctrine is deeply rooted in state and federal law. See e.g. Chambers v. Mississippi, 410 U.S. 284, 94 S.Ct. 1038 (1973); Parle v. Runnels, 505 F.3d 922 (9th Cir. 2007); Wright v. State, 28 S.W.3d 526, 537 (Tex.Crim.App.2000); Chamberlain v. State, 998 S.W.2d 230, 238 (Tex.Crim.App. 1999).

The cumulative error doctrine provides relief when the constitutional errors committed in the state trial court so "fatally infected the trial" that they violated the trial's "fundamental fairness." Spence v. Johnson, 80 F.3d 989, 1000 (5th Cir. 1996) (citation omitted). In determining whether the

3

cumulative error doctrine provides relief, reviewing courts must "review the record as a whole to determine whether the errors more likely than not caused a suspect verdict." Id. at 1001 (citation omitted).

Here, the Trial Court did not review the record as a whole to determine whether the errors more likely than not caused a suspect verdict.

C. OBJECTION NO. 3: THE TRIAL COURT'S RECOMMENDATION IS CONTRARY TO CLEARLY ESTABLISHED FEDERAL LAW BECAUSE THE TRIAL COURT DID NOT APPLY THE LAW PERTAINING TO CONSTRUCTIVE DENIAL OF COUNSEL.

When there is "various kinds of state interference with counsel's assistance," presumption of prejudice applies. United States v. Cronic, 466 U.S. 648, 658-59 (1984); Tucker v. Day, 969 F.2d 155 (5th Cir. 1992); Hunter v. Moore, 304 F.3d 1066 (11th Cir. 2002).

Ground 9 of Mr. Mata's Application states that the Trial Court constructively denied him counsel. The Trial Court concluded that "counsel was not rendered ineffective by the trial court in that the outcome of the proceeding would have been different had the trial court acted differently." Trial Court's March 26, 2014 Findings of Fact and Conclusions of Law, p. 22.

This legal conclusion is contrary to the holding in Cronic. Under the teachings of Cronic, Mr. Mata need not prove prejudice because prejudice is presumed. See Geders v. United States, 425 U.S. 80, 96 S.Ct. 1330 (1976).

D. OBJECTION NO. 4: THE TRIAL COURT DID NOT ENTER ANY FINDINGS OF FACT OR CONCLUSIONS OF LAW ON MR. MATA'S CLAIM THAT APPELLATE COUNSEL RENDERED INEFFECTIVE ASSISTANCE BECAUSE HE FAILED TO BRIEF ON APPEAL THE ISSUE OF WHETHER THE TRIAL COURT ERRED IN DENYING MR. MATA'S REQUEST TO MAKE THE COURT REPORTER'S BACKUP AUDIOTAPE AVAILABLE TO THE DEFENSE FOR EXPERT TESTING AT MR. MATA'S EXPENSE.

Ground 11 of Mr. Mata's Application includes the claim about the audiotape. The Court of Criminal Appeals ordered the Trial Court to enter findings of fact and conclusions of law on that specific issue. The Trial Court did not do so. Mr. Mata's claim that counsel was ineffective for failing to defend his right to access the audiotape does not lack merit. See e.g.

4

<u>Hansen v. United States</u>, 956 F.2d 245 (11th Cir. 1992) (holding that prisoner was entitled to access the court reporter's original sound tape of sentencing proceeding to prove his claim).

E.   OBJECTION NO. 5:   THE TRIAL COURT'S FINDING OF FACT THAT THE STATE DID NOT EMPHASIZE TO THE JURY THAT THE DATABASE INCLUDED CONVICTED SEX OFFENDERS IS CLEARLY ERRONEOUS.

The Trial Court found that "[a]t no time was it emphasized to the jury that the database included convicted sex offenders."  Trial Court's March 26, 2014 Findings of Fact and Conclusions of Law, p. 8.  But the State did emphasize that fact to the jury during closing arguments:

> [I]n criminal cases, we're not allowed to use depositions or written statements.  We have to have live witnesses.  Now, there were two police reports that actually did come into evidence in this case.  Portions of them were read into the record, so we offered them.  Those you will be allowed to have, but any other written statements or reports that weren't put in, you would not have.

4 RR 28-29.

Nevertheless, even if the State hadn't emphasized to the jury that the database included convicted sex offenders, that would not mean that that prosecution report did not deprive Mr. Mata of a fair trial and due process when it is considered in conjunction with all of the other errors.

F.   OBJECTION NO. 6:   THE TRIAL COURT'S CONCLUSION OF LAW THAT ONCE THE COURT HELD THE IDENTIFICATION PROCEDURE WAS ACCEPTABLE THE ISSUE WAS NOT A MATTER FOR THE JURY'S CONSIDERATION IS NOT BASED ON ANY ESTABLISHED AUTHORITY.

If the Trial Court's understanding of the law were correct, then there would be no need for Art. 38.23(a) of the Texas Code of Criminal Procedure.

**V.   CONCLUSION**

Applicant Andres Mata reurges all of his Grounds for habeas relief, and he respectfully raises the above objections to the Trial Court's Findings of Fact and Conclusions of Law, as authorized by Texas Rule of Appellate Procedure 73.4(b)(2).

5

Respectfully submitted,

*Andres Mata*
Andres Mata, Pro Se
TDCJ-CID #1297972
Connally Unit
899 FM 632
Kenedy, Texas 78119

### DECLARATION

"I, Andres Mata, TDCJ-CID #1297972, presently incarcerated in the Texas Department of Criminal Justice Correctional Institutions Division at the Connally Unit in Karnes County, Texas, declare under penalty of perjury pursuant to Chapter 132 of the Texas Civil Practice and Remedies Code, that the foregoing statements are true and correct and that I placed this pleading in the prison mailbox on this day.

"Executed on this the 20 day of February, 2015."

*Andres Mata*
Andres Mata, Pro Se

6

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Objections to Findings of Fact and Conclusions of Law was served on counsel for the State by placing the Objections in the prison mailbox, postage prepaid, addressed to:

Dallas County District Attorney's Office
Attention:  Rebecca D. Ott, Lead Counsel
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB-19
Dallas, Texas 75207-4399

Executed on this the 20 day of February, 2015.

Andres Mata